**CITY OF KANSAS CITY, Respondent,**

**v.**

**Maurice L. TROUTNER, Appellant.**

**No. KCD 28202.**

Missouri Court of Appeals, Kansas City District.

Nov. 29, 1976.

Roy W. Brown, Kansas City, for appellant.

Aaron A. Wilson, City Atty., Louis W. Benecke, Walter J. O'Toole, Jr., Asst. City Attys., Kansas City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SHANGLER, Presiding Judge.

The defendant was found by a police officer fast asleep behind the wheel of his camper-truck on a private parking lot adjacent to the city street with the engine still active and the transmission engaged in the park position. The head of the defendant was tucked upon his chest, right arm draped over the steering wheel, and his right hand clutched $200 in currency. The defendant awoke only after some physical effort by the officer to revive him to consciousness. Inquiry disclosed that defendant had come from a tavern close by where he had consumed some ten beers during the better part of the day. When he left the tavern, he sensed he was too tired to drive, so he fell asleep in the truck cab until he was aroused by the officer an hour later. A strong odor of alcohol pervaded his breath; his test for balance proved only fair; his eyes were bloodshot and glassy.

The defendant was arrested for being in physical control of a motor vehicle while under the influence of intoxicating liquor in violation of Kansas City Ordinance § 34.116. He was fined $100 in the circuit court and takes this appeal.

The defendant does not challenge that the evidence shows he was intoxicated but only that, for various reasons of law, neither the charge nor conviction may stand.

The defendant was charged under Ordinance § 34.116:

It is unlawful for any person who is under the influence of intoxicating liquor to operate or be in actual physical control of any vehicle within this city.

The information [in the form of a Missouri Uniform Traffic Ticket] under which he was convicted reads:

[The defendant] . . . did unlawfully operate [the vehicle previously described] within the city limits and then and there commit[ted] the following offense: In physical control of a motor vehicle while under the influence of intoxicating liquor in violation of [ordinance] section 34.116 . . .

The defendant makes the point that the information is duplicitous and can be read to charge both the operation *and* being in actual physical control of a motor vehicle while under the influence of intoxicating liquor. The ambiguity of such a statement, he complains, makes defense uncertain and preparation unsure.

■ As a general principle no more than one offense may be charged in one count, but when the ordinance prohibits several offenses disjunctively or alternatively, but not inconsistently as to substance or penalty, those offenses may be joined conjunctively in one count of an information and that count will be sustained upon proof of any of the offenses. *City of St. Louis v. St. Louis Theatre Co.,* 202 Mo. 690, 100 S.W. 627, 628[1] (1907). If we assume the contention of the defendant that the information accuses him of both the operation and physical control of the motor vehicle while intoxicated, such offenses do not charge inconsistent conduct, and because they derive from an ordinance which describes the offenses disjunctively, the information stands as a valid accusation as to both.

■ There is moreover, a less strict requirement for pleading a violation of a city ordinance, which is in the nature of a civil proceeding, than for a criminal case. Thus, an information which charges in the language of the ordinance and gives notice to the defendant of the offense is sufficiently definite to bar any subsequent prosecution based upon the same conduct. *Kansas City v. Stricklin,* 428 S.W.2d 721, 725[10–12] (Mo. banc 1968). The cases cited by defendant on his contention that the information lacks definiteness, *Kansas City v. Franklin,* 401 S.W.2d 949 (Mo.App.1966) and *City of Poplar Bluff v. Meadows,* 187 Mo.App. 450, 173 S.W. 11 (1915), are not relevant. *Franklin* was overturned because the information did not charge the intoxicated driving was of a motor vehicle nor that defendant was the driver—both requirements of the ordinance. *Poplar Bluff* sustained an information which charged defendant with keeping a house of ill fame despite the failure of the information to recite the names of those who practiced there.

In practical terms, there can be no doubt that the defendant understood the charge against him and pleaded without uncertainty. At the outset of the trial, the court announced: "[T]he violation is in physical control of a motor vehicle while under the influence of intoxicating liquor", to which his counsel promptly replied: "[T]he plea, your Honor, is not guilty."

The second point on this appeal is assignment of error to the denial of the motion to dismiss on the ground that ordinance § 34.116 violates numerous statutes and provisions of State and Federal Constitutions.

A municipal corporation is required by § 71.010 to conform its ordinances to the state law on the same subject. Another statute, § 82.300, grants municipal corporations of a population class, within which Kansas City falls, to enact ordinances to preserve order, promote the general interest and insure good government. § 304.120 authorizes a municipality to enact traffic regulations consistent with the provisions of that chapter. Finally, § 564.440 provides: "No person shall operate a motor vehicle while in an intoxicated condition." Violation is punishable as a misdemeanor. Actual physical control of a motor vehicle by a

person while intoxicated is not prohibited by the terms of this statute.

■ A municipal ordinance must be in harmony with the general law of the state upon the same subject, otherwise it is void. *Kansas City v. LaRose,* 524 S.W.2d 112, 116[6] (Mo. banc 1975). The defendant contends that Ordinance § 34.116 conflicts with statutory § 564.440 because the ordinance proscribes both the operation and actual physical control of a motor vehicle by an intoxicated person whereas § 564.440 prohibits only the operation of the vehicle by a person in such condition. The defendant argues that because the ordinance goes beyond the statute and prohibits conduct not prohibited by statute, a conflict results and renders the ordinance invalid.

■ A similar argument was made in *Kansas City v. LaRose, supra,* where the statute interdicted willful interference with a sheriff in the course of his duties, while the ordinance prohibited similar conduct but did not require that the interference be knowing and willful. The court found no conflict, l.c. 117[9]:

> Where both an ordinance and a statute are prohibitory, and the only difference between them is that the ordinance goes further in its prohibition but not counter to the prohibition under the statute, and the municipality does not attempt to authorize by the ordinance what the legislature has forbidden or forbid what the legislature has expressly licensed, authorized, or required, there is nothing contradictory between the provisions of the statute and the ordinance because of which they cannot co-exist and be effective.

*LaRose* found that any violation of the statute would also be a violation of the ordinance, thus the enactments were entirely consistent. That an ordinance enlarges on the provisions of a statute by the exaction of additional requirements creates no conflict, unless the statute is preclusive, an intendment which does not appear from enabling § 564.440. *State ex rel Hewlett et al v. Womach,* 355 Mo. 486, 196 S.W.2d 809, 815[10, 11] (banc 1946).

■ The ordinance under which defendant Troutner was convicted treats physical control as a necessary incident of actual operation of a motor vehicle and merely extends the prohibition of the statute to that continuous activity.

The defendant contends also that ambiguity invalidates Ordinance § 34.116 in that the provision which renders it unlawful for an intoxicated person to operate or have physical control of any vehicle "within this city" does not define the sphere of application, whether to the public streets or private property, and if to private property, then the ordinance also violates constitutional principles. We restate these arguments only approximately because they are neither stated nor developed with the required clarity and amplitude.

■ The contention that the municipality does not have power to extend the sanction of § 34.116 to private property cannot be supported. The question, in different form, was considered in *Bellerive Investment v. Kansas City,* 321 Mo. 969, 13 S.W.2d 628 (Mo.1929). The court considered the power of Kansas City to enact an ordinance which limited the number of automobiles that could be kept in a building occupied for living or sleeping quarters, and affirmed such an exercise against the contention of constitutional infringement, 13 S.W.2d l.c. 634:

> It has been definitely and clearly established and settled . . . that a statute or a municipal ordinance, which is fairly referable to the police power of the state or municipality, and which discloses . . . to have been enacted for the protection, and in furtherance, of the peace, comfort, safety, health, morality, and general welfare of the inhabitants . . . does not contravene or infringe the several sections of the state and federal Constitutions . . . ..

The questions presented, then, are whether § 34.116 fairly refers to the police power of the municipality—that is, does it design to ensure the health, safety and welfare of the city populace—and is there a rational rela-

tionship between actual physical control of a motor vehicle on private property by an intoxicated person and the health, safety and welfare of the municipal populace? That answer must be found in the purpose of the legislation and the danger at which it is directed. *R. A. Vorhof Construction Co. v. Black Jack Fire Protection District,* 454 S.W.2d 588, 595[5–7] (Mo.App.1970).

██ A motor vehicle is regarded as a source of danger when operated carelessly or by one whose responsiveness is diminished by intoxication. Physical control is a necessary prelude to the operation of a motor vehicle upon the public streets. It is a rational surmise that one in the physical control of a motor vehicle paused temporarily on a private parking area which enters upon and immediately adjoins a public street intends to resume public travel. The exercise of police power which validates the ordinance which prohibits an intoxicated person from operation of a motor vehicle, therefore, validates the prohibition against a person in such condition from physical control of the instrumentality. In each case, the prohibition is directed against the danger to the municipal populace such conduct presents.[1] At the very least, the reasonableness of the application of such an ordinance as § 34.116 is fairly debatable, in which event the judicial judgment cannot serve as a substitute for that of the legislative body charged with that primary determination. *R. A. Vorhof Construction Co. v. Black Jack Fire Protection District, supra,* l.c. 595[5–7].

The defendant cites two cases, neither of them in point. In *State v. Julow,* 129 Mo. 163, 31 S.W. 781 (Mo.1895) the court found unconstitutional a statute which made it unlawful for an employer to contract with an employee to require withdrawal by the employee from a trade union and prohibited him from joining such an association. *Julow* is not pertinent because the statute was not an exercise of the police power of the

state, that is, there was no purpose to promote the public health, welfare or safety.

The other citation, *City of Carthage v. Block,* 139 Mo.App. 386, 123 S.W. 483 (Mo. App.1909) involved an ordinance that prohibited the consumption of intoxicating liquor [l.c. 483] "in any stairway, areaway . . . or on any sidewalk in the city of Carthage". The court struck down the ordinance because the prohibition extended to private areas not open to the public. *City of Carthage, supra,* does not bear on the issue here because the rationale of the decision was not simply that the ordinance regulated activity on private property but because the public morals would not be adversely affected by such activity on private property. The analogy this case offers suffers because, arguably, there is a rational relationship between physical control of a vehicle on private property by an intoxicated person and the public safety.

██ The more proper analogy is between § 34.116 and § 564.440 which enables that ordinance. The statute is not a road regulation but a prohibition against the operation of a motor vehicle by an intoxicated person. *State v. Pike,* 312 Mo. 27, 278 S.W. 725, 727[4] (1925). Thus, for conviction under the statute there is no requirement of proof that the motor vehicle was operated on a public way. *State v. Barker,* 490 S.W.2d 263, 270[5] (Mo.App.1973). The ordinance has a similar regulatory scope.

The final contention asserts that the ordinance term "being in actual physical control", without more definition, is vague and ambiguous and therefore invalid as a standard of conduct. The argument on this point is neither developed nor supported by any authority. Our own courts appear not to have defined the term, but other jurisdictions have done so persuasively. *State v. Ruona,* 133 Mont. 243, 321 P.2d 615 (1958) applied a statute comparable to Ordinance § 34.116 to facts of striking similarity to

---

1. The evidence does not show the appurtenant use of the parking area, but only that it was privately owned. We consider § 34.116 a reasonable regulation to protect, not only persons upon a public street, but also those upon private parking areas used by the public, such as commonly found appurtenant to supermarkets, shopping centers and other commercial enterprises.

**300**

those we confront. That defendant was found in his automobile partially parked upon a public street. The engine was running; he was slumped over the steering wheel unconscious and intoxicated. The Montana statute under which he was prosecuted rendered it unlawful for any person under the influence of intoxicating liquor "to drive or be in actual physical control of any vehicle within the state". The defendant contended that the term "actual physical control" was so vague and uncertain in meaning as to be impossible of definition. The court rejected the contention and accorded the statute the common dictionary meaning, l.c. 618[2, 3]:

> Using the term in "actual physical control" in its composite sense, it means "existing" or "present bodily restraint, directing influence, domination or regulation." Thus, if a person has existing or present bodily restraint, directing influence, domination or regulation, of an automobile, while under the influence of intoxicating liquor he commits [an offense] within the [statute].

We adopt the conclusion of the Montana Supreme Court, as have other jurisdictions, that *actual physical control* of a vehicle results, even though the machine merely stands motionless, so long as a person keeps the vehicle in restraint or in a position to regulate its movements. See, also, *Parker v. State,* 424 P.2d 997 (Okl. 1967); *Commonwealth v. Kloch,* 230 Pa.Super. 563, 327 A.2d 375 (1975); *State v. Webb,* 78 Ariz. 8, 274 P.2d 338 (1954).

The judgment is affirmed.

All concur.