**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**William M. O'TOOLE,**
**Defendant-Appellant.**

**No. 65415.**

Supreme Court of Missouri,
En Banc.

July 17, 1984.

---

Richard Boardman, St. Louis, for defendant-appellant.

Peter J. Krane, Asst. Pros. Atty., George R. Westfall, St. Louis County, Clayton, for plaintiff-respondent.

HIGGINS, Judge.

William O'Toole was charged with driving while intoxicated in violation of section 577.010, RSMo 1982. The associate circuit court overruled defendant's motion to dismiss for lack of jurisdiction and found him guilty. On appeal the circuit court also overruled O'Toole's motion to dismiss and upon trial entered a judgment of guilty as charged. Appellant again questions whether section 577.010, RSMo 1982, was constitutionally enacted, and whether the evidence was sufficient to support a finding that he operated a motor vehicle while in an intoxicated condition. § 577.010.1, RSMo 1982. Affirmed.

In October 1982 a St. Louis County police officer discovered defendant asleep behind the wheel of his automobile; the automobile was engaged in "park" gear with the engine running and the lights burning. The vehicle was partially blocking traffic on westbound U.S. Highway 40. The officer aroused defendant and asked him to walk to the rear of the car. He staggered as he walked and experienced difficulty reciting the alphabet when asked to do so by the officer. The officer detected a strong odor of alcohol on defendant's breath. He was then arrested and ultimately charged and convicted of driving while intoxicated. § 577.010.1, RSMo 1982.

Appellant charges the trial court erred in overruling his motion to dismiss for lack of jurisdiction: he asserts that section 577.-010, RSMo 1982, was enacted after midnight on the last day of the legislative session and was therefore void. Mo. Const. art. III, § 20(a). He further alleges there was insufficient evidence to support a finding that he "operated" the motor vehicle or was intoxicated at the time.

In support of his motion to dismiss defendant offered the testimony of a newspaper reporter. The reporter stated he was present in the senate chamber when the bill containing section 577.010, RSMo 1982, was enacted, and that at the time of enactment the senate clock read 12:05 A.M. Appellant contends that, because the bill was enacted after midnight, it was void, and the circuit court was without jurisdiction to try his case. Mo. Const. art. III, § 20(a).

■ In *Ex parte Seward*, 299 Mo. 385, 253 S.W. 356 (Mo. banc 1923), this Court held that when a legislative journal shows affirmatively that an essential constitutional requirement has not been met, a law purportedly enacted in accordance with the constitution may be shown to be invalid. But permitting such limited collateral attack on alleged procedural irregularities "does not authorize resort to oral evidence to contradict the journal" when the journal is silent concerning alleged defects in enactment. *Id.* at 359. Admitting extrinsic parol evidence to contradict an unambiguous entry in the journal "would render legislation insecure and remit it to the courts to try its validity on questions of constitutional procedure on the testimony of witnesses." *Id; See also* 82 C.J.S. *Statutes* § 85(c) *et seq.* (1953).

■ The Senate Journal unambiguously establishes that proper constitutional procedures were followed in enacting section 577.010, RSMo 1982. Missouri Senate Journal, 81st General Assembly, 2d Session, p. 1349 (April 30, 1982). Thereafter the senate adjourned at midnight. *Id.* at 1355. The trial judge therefore properly excluded the proferred testimony and overruled defendant's motion to dismiss. *Ex parte Seward, supra.*

Appellant contends there was insufficient evidence to support a finding that he "operated" the motor vehicle while intoxicated. In *State v. Kennedy*, 530 S.W.2d 479 (Mo.App.1975), the court held that, under section 564.440, RSMo 1969, a predecessor to the present section 577.010, RSMo 1982, the state failed to carry its burden when it could not establish that the defendant had actually driven the vehicle while intoxicated. That the defendant was not in his car when he was arrested negated the essential element of "operation" as it was then construed. *Id.* at 481.

■ Section 577.001.1, RSMo 1982, however, defines "operating" as it is used in chapter 577, RSMo 1982, as "physically driving or operating or being in actual physical control of a motor vehicle." And actual physical control occurs when, "even though the machine merely stands motionless, ... a person keeps the vehicle in restraint or in a position to regulate its movements." *City of Kansas City v. Troutner*, 544 S.W.2d 295, 300 (Mo.App.1976). The evidence established that defendant was seated behind the wheel of his vehicle and that the car was engaged in "park." He was in a position to regulate the vehicle's movements, and was therefore "operating" the motor vehicle within the meaning of chapter 577, RSMo 1982. *See City of Kansas City v. Troutner, supra.*

■ Finally, appellant asserts there was insufficient evidence to support a finding of intoxication. Section 577.001.2, RSMo 1982, defines an "intoxicated condition" as one in which a person is "under the influence of alcohol, a controlled substance, or drug, or any combination thereof." The uncontroverted evidence indicated that at the time of arrest defendant staggered when he walked, smelled of alcohol and could not recite the alphabet. The court was therefore justified in holding, on the basis of the arresting officer's testimony, that defendant was under the influence of alcohol at the time he operated the motor vehicle.

The judgment of the trial court is affirmed.

All concur.