Charles A. TAYLOR, Appellant,

v.

Paul McNEILL, Director of
Revenue, Respondent.

No. WD 37660.

Missouri Court of Appeals,
Western District.

Aug. 19, 1986.

Kenneth C. Hensley, Independence, for
appellant.

James A. Chenault, III, Sp. Asst. Atty.
Gen., Mo. Dept. of Revenue, Jefferson City,
for respondent.

Before NUGENT, P.J., and BERREY
and GAITAN, JJ.

GAITAN, Judge.

Charles Taylor was arrested for driving
while intoxicated and his driver's license
was revoked pursuant to §§ 302.500–540,
RSMo Supp. 1984. The revocation was af-
firmed upon trial de novo and Taylor now
appeals.

The judgment is affirmed.

A state trooper, responding to a call to
investigate a report that a vehicle had been
stopped on the roadway with its lights on
for an indeterminate amount of time, found
Taylor asleep on the passenger side of the
front seat. The car was actually parked on
the shoulder of the road and Taylor was its
sole occupant. The car's lights were on,
the engine was running and the trans-
mission was in park.

In the course of questioning Taylor
about the situation in which she found him,
the trooper detected the odor of alcohol and
observed that Taylor had difficulty walking
and that his speech was somewhat slurred.
Taylor admitted that he had been driving
the vehicle and that he had had some beers
in Trenton, a town approximately six miles
from the location in which he was found.
The officer then administered three field
sobriety tests. Taylor's overall perform-
ance was unsatisfactory and he was arrest-
ed for driving while intoxicated. A breath-

alyzer test was subsequently administered and it indicated a blood alcohol concentration of .13%.

Taylor's driver's license was then revoked by the Department of Revenue in accordance with § 302.520. The revocation was affirmed upon both administrative review and trial de novo, thus prompting this appeal.

Taylor presents two points on appeal, both attacking the trial court's finding that Taylor was arrested upon probable cause to believe he was driving a motor vehicle while his blood alcohol concentration was .13% or more. He argues that there was insufficient evidence to support the finding and that it was against the weight of the credible evidence.

The argument portion of Taylor's brief offers the following support for his contentions: although Taylor admitted that he had driven the car to the scene, there was no evidence as to when he had driven it and thus no probable cause to believe that, at the time he drove the car, he had the requisite blood alcohol concentration. Furthermore, the trooper never personally saw Taylor driving and she had no way of knowing whether he had driven the vehicle within ninety minutes of her arrival.

■ Taylor was arrested for driving while intoxicated, a violation of § 577.010, RSMo Supp.1984. The statute provides that a person commits the indicated offense if he operates a motor vehicle while in an intoxicated or drugged condition. Under § 577.001, RSMo Supp. 1984, a person is deemed to be operating a motor vehicle if he is physically driving or is in actual physical control of the vehicle. Actual physical control is construed as existing or present bodily restraint, directing influence, domination or regulation of a vehicle and it exists even where the vehicle is motionless as long as the person is keeping the vehicle in restraint or is in a position to regulate its movements, *State v. O'Toole,* 673 S.W.2d 25, 27 (Mo. banc 1984); *City of Kansas City v. Troutner,* 544 S.W.2d 295, 300 (Mo. App.1976), and the automobile is running. *State v. Liebhart,* 707 S.W.2d 427, 430 (Mo.

App.1986). Furthermore, a finding of actual physical control is not defeated by the fact that the driver is asleep. *State v. O'Toole,* 673 S.W.2d at 25; *City of Kansas City v. Troutner,* 544 S.W.2d at 296.

■ The only difference between *O'Toole* and *Troutner* and the case at bar is the fact that Taylor was seated on the passenger side of the car rather than behind the steering wheel. All of the evidence indicates that Taylor was responsible for starting the car and allowing it to continue to run. While he may not have been in the most convenient position relative to the car's operative controls, they remained within easy reach. We conclude that the evidence was sufficient to establish that Taylor was in actual physical control of the car and that he was driving it within the meaning of § 577.010 when the officer arrived. There is no evidence that Taylor consumed additional intoxicants after the officer reached the scene. In the absence of such evidence, there is a reasonable inference that the arresting officer, having decided to make an arrest, would take sufficient precautions to prevent further intake of intoxicants. *State v. Johnston,* 670 S.W.2d 552, 556 (Mo.App.1984).

Also of relevance is a recently decided criminal case from the Southern District of Missouri. In that case, the court dealt with a situation similar to the case at bar. In *State v. Claude Cook,* 711 S.W.2d 208, 209 (1986), the court held that evidence of corroborating circumstances and an extrajudicial admission by the defendant may be considered in determining whether the corpus delicti is proven. *State v. Garrett,* 595 S.W.2d 422, 430 (Mo.App.1980).

In *Cook,* a witness testified that he had come upon the defendant on a highway trying to change a flat tire on his truck. His sister-in-law was seated in the passenger seat of the truck. The witness got out of his car to help change the tire. He observed the defendant get in the truck twice on the driver's side without adjusting the seat. He testified that he believed the defendant to be intoxicated and also that

he saw numerous beer cans in the bed of the truck; some open and some not open.

Over the defendant's objection that there had not been a sufficient showing of the corpus delicti, the witness was permitted to testify that the defendant had told him that he had had a blow out and had lost control of the truck. *Id.* p. 210. A highway patrolman arrived and testified that the defendant admitted he had been drinking. There was also evidence that defendant tried to talk the trooper into not taking him to the police station.

The court stated:

Defendant's being in an intoxicated condition while changing the tire of a vehicle in a roadway tends to prove that the offense of intoxicated driving occurred. Although these facts alone may not establish that the crime occurred, they correspond with the circumstances related in defendant's statements ... and make those statements admissable.

*Id.*

The defendant in *Cook* also argued that there was no substantial evidence to find that he was driving the vehicle; but even assuming he was driving, there was no substantial evidence to find defendant was intoxicated at the time he may have been driving the vehicle. These arguments are also true in the case of appellant. *Cook* is a criminal case but the argument is the same. In a circumstantial evidence case, the circumstances must be such as are inconsistent with defendant's innocence, but it is not necessary that they be absolutely conclusive of guilt, nor that they demonstrate an absolute impossibility of innocence. *State v. Major*, 564 S.W.2d 79, 81 (Mo.App.1978).

Courts take judicial notice of familiar facts attending the use of automobiles. *Spoeneman v. Uhri*, 332 Mo. 821, 60 S.W.2d 9, 12 (1933). The court then stated that if a vehicle is located in the traveled portion of a highway the tire is normally changed as soon as possible. In *Cook*, the court had no trouble finding beyond a reasonable doubt that he was guilty of operating a vehicle while intoxicated.

In the case at bar, appellant was discovered passed out in the passenger seat of a car on the shoulder of a road in the early morning hours. The car was still running and the headlights were on. The trooper involved smelled alcohol on appellant's breath and observed he had difficulty walking. In addition to all of the above, appellant admitted he had been drinking.

There was sufficient evidence to support the finding of probable cause required by § 302.505 and Taylor's license was properly revoked. Judgment affirmed.