James J. Wheeler, Keytesville, for defendant-appellant.

Craig V. Evans, Pros. Atty., Paris, for plaintiff-respondent.

**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Roy Edward NICKERSON,
Defendant–Appellant.**

No. 54754.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 17, 1989.

REINHARD, Judge.

Defendant was convicted by the court for driving while intoxicated, § 577.010, RSMo 1986, and fined $350. He appeals; we affirm.

In his principal point on appeal defendant contends that there was insufficient evidence to support a finding that he "operated" his motor vehicle while intoxicated. In determining whether the evidence is sufficient to support the trial court's finding of guilt, we view all the evidence and reasonable inferences therefrom in the light most favorable to the state and disregard all contrary evidence and inferences. *State v. Hoeber*, 737 S.W.2d 484, 485 (Mo.App. 1987).

 The offense occurred on December 25, 1987. At 7:25 p.m. a state highway trooper received a call that a vehicle had run off U.S. Highway 24 near the Randolph–Monroe County line. He had just entered his home in Paris, Missouri after traveling on U.S. Highway 24 from Moberly when the call came. He drove back toward Moberly to the scene which was about one mile east of the county line. He

had not seen the vehicle when he had passed the area on his way from Moberly to Paris. It took him less than forty minutes to reach the scene. He found defendant's pickup truck sitting upright in a ditch along the highway. Defendant was sitting on the driver's side of his pickup with his arms crossed on the steering wheel and his head resting on his arms; he was intoxicated and asleep or passed out. The truck was running and its lights were on. Tire tracks made by the truck showed that it had been traveling eastbound, had run off the roadway to the right, then crossed back over the roadway, gone over a driveway, and finally came to rest in the ditch. Defendant was alone. At the scene defendant told the trooper that he had drunk too much, that he had been drinking beer and that he had been to a party. The trooper found no alcohol beverage containers in the truck. The trooper arrested defendant at 8:04 p.m. and took him to the station. When a sample of defendant's breath was analyzed at the station at 8:41 p.m., his blood alcohol content measured .203 percent by weight. When defendant was asked at the station whether he had been operating the truck, he replied, "You know I was."

We believe this evidence is sufficient to support the conviction of defendant for driving while intoxicated on either of two grounds: first, for being intoxicated while operating the truck on the traveled portion of the highway prior to going in the ditch and, second, for operating the truck while intoxicated when the trooper found him in the ditch.

The physical facts, the degree of defendant's intoxication and his statement are sufficient to support a finding that he was driving on the traveled portion of the highway while intoxicated. *See, e.g., State v. Davison,* 668 S.W.2d 252 (Mo.App.1984).

For purposes of the offense of driving while intoxicated, § 577.010, RSMo 1986, a person "operates" a motor vehicle when he is "in actual physical control" of the vehicle. § 577.001.1, RSMo 1986. "Actual physical control occurs when, 'even though the machine merely stands motionless, ... a person keeps the vehicle in restraint or in a position to regulate its movements.'" *State v. O'Toole,* 673 S.W.2d 25, 27 (Mo. banc 1984) (*quoting City of Kansas City v. Troutner,* 544 S.W.2d 295, 300 (Mo.App.1976)). One can be "operating" a vehicle although he is passed out or asleep in the passenger compartment and the vehicle is running, *O'Toole,* 673 S.W.2d at 25, *Taylor v. McNeill,* 714 S.W.2d 947 (Mo. App.1986), or the vehicle is stuck, *State v. Parr,* 754 S.W.2d 921 (Mo.App.1988).

Here as in *State v. Taylor,* 203 Mont. 284, 661 P.2d 33 (1983) (conviction for being "in actual physical control" of motor vehicle while intoxicated upheld), defendant was intoxicated and asleep or passed out in the driver's seat of his vehicle which was running, but stuck. In *Taylor,* the court used the same definition of "in actual physical control" our courts have adopted. These facts are sufficient to support a conviction for driving while intoxicated.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.