**STATE of Missouri, Respondent,**

v.

**Nadaire Kim DEY, Appellant.**

**No. WD 41854.**

Missouri Court of Appeals, Western District.

Oct. 30, 1990.

Bob Tyler, Columbia, for appellant.

Robert R. Sterner, Columbia, for respondent.

Before GAITAN, P.J., and TURNAGE and KENNEDY, JJ.

GAITAN, Judge.

This is an appeal from a conviction of driving while intoxicated in violation of § 577.010 RSMo 1986. Appellant contends that there was insufficient evidence to establish that he operated a motor vehicle while intoxicated.

The judgment is affirmed.

In reviewing the sufficiency of the evidence in this case, we view all the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the state, and we disregard all contrary evidence and inferences. *State v. Nickerson,* 763 S.W.2d 716, 717 (Mo.App.1989). An appellate court will not weigh the evidence, but will determine only whether there was sufficient evidence from which reasonable persons could have found appellant guilty as charged. *State v. Porter,* 640 S.W.2d 125, 126 (Mo.1982). Applying these principles to the case at bar, we note that the following evidence was adduced at trial.

At approximately 2:40 a.m. on April 14, 1988, police officer Jack Pestle was dispatched to the parking lot of the Eastgate IGA Center in Columbia, Missouri. There, he found appellant asleep behind the steering wheel of a parked pickup truck. According to Officer Pestle, the key was in the ignition and the engine was running.

Officer Pestle testified that he removed the keys from the ignition and asked appellant to get out of the truck. Appellant walked unsteadily after stepping out of the truck and Officer Pestle noticed that appellant's eyes were bloodshot and glassy, his speech was slurred, and a strong odor of intoxicants was on appellant's breath. Officer Pestle conducted several field sobriety tests and determined that appellant was intoxicated. Officer Pestle arrested appellant for driving while intoxicated and took him to the police station where appellant refused to submit to a blood alcohol test.

At trial, appellant stated that he did not drive his truck on the night of his arrest. Appellant testified that from about 6:00 p.m. until 10:30 or 11:00 p.m. he drank beer with his brother in his brother's truck. His brother then dropped him off at his own

truck parked in the IGA parking lot. At that time, appellant concluded that he was too intoxicated to drive home, so he decided to sleep in his truck. Appellant also testified that, before falling asleep, he turned on the engine to stay warm, and then removed the key from the ignition while the engine was still running.

At the end of the trial, appellant was found guilty of driving while intoxicated and was sentenced to six months imprisonment. Execution of sentence was suspended and he was placed on two years probation.

As his sole point on appeal, appellant claims that there was insufficient evidence to establish that he operated a motor vehicle while intoxicated. Appellant argues that he did not drive—and had no intention of driving—his truck on the night in question. Instead, he asserts, his sole intention in returning to his truck was to sleep there until he was sober. Therefore, he concludes the trial court erred in finding that he had "operated" a motor vehicle for the purposes of § 577.010, RSMo 1986.

Section 577.010.1 states that a person commits the crime of driving while intoxicated if he "operates" a motor vehicle while in an intoxicated or drugged condition. And, according to the statutory definitions contained in § 577.001, RSMo 1986, a person "operates" a motor vehicle when he is "physically driving or operating or being in actual physical control of a motor vehicle."

■ "Actual physical control" is construed as existing or present bodily restraint, directing influence, domination or regulation of a vehicle, and it exists even where the vehicle is motionless as long as the person is keeping the vehicle in restraint or is in a position to regulate its movements and the automobile is running. *Taylor v. McNeill*, 714 S.W.2d 947, 948 (Mo.App.1986). Furthermore, a finding of actual physical control is not defeated by the fact that the driver is asleep. *Id.*

In *Kansas City v. Troutner*, 544 S.W.2d 295 (Mo.App.1976), a defendant was found to be in "actual physical control" of a vehicle under circumstances that are virtually identical to those in the case at bar. In *Troutner*, the defendant was found asleep behind the wheel of his camper-truck parked with its engine running in a private parking lot. The defendant had been drinking in a nearby tavern and sensing that he was too tired to drive, fell asleep in the cab of the truck. We affirmed the defendant's conviction under Kansas City Municipal Ordinance § 34.116, which is functionally equivalent to § 577.010.

■ However, appellant argues that *Troutner* is distinguishable from the case at bar. Specifically, appellant points to that part of the *Troutner* decision which explains why a drunk driving ordinance can be applied to a vehicle parked on private property:

> A motor vehicle is regarded as a source of danger when operated carelessly or by one whose responsiveness is diminished by intoxication. Physical control is a necessary prelude to the operation of a motor vehicle upon the public streets. It is a rational surmise that one in the physical control of a motor vehicle paused temporarily on a private parking area which enters upon and immediately adjoins a public street intends to resume public travel.

544 S.W.2d at 299.

According to appellant, the quoted language means that, in order to show that a person is in "actual physical control" of a vehicle for the purposes of § 577.010, it is incumbent on the State to show, by direct or circumstantial proof, that the person intended to drive the vehicle.

However, no such showing was required in *Troutner*. On the contrary, the *Troutner* court affirmed the defendant's conviction despite the fact that there was no evidence that the defendant intended to drive his vehicle. Thus, *Troutner* is in line with *Taylor v. McNeill*, which holds that "actual physical control" of a vehicle simply means to be in a position to regulate the movements of a vehicle which has its engine running. 714 S.W.2d at 948.

While it may be preferable, as appellant argues, for an intoxicated individual to seek refuge in his car as opposed to driving it, the legislature has made driving while intoxicated and being in actual physical control while intoxicated equally culpable. Accordingly, the judgment of the trial court is affirmed.

All concur.