**UNION ELECTRIC COMPANY,**
Appellant,

v.

**FUNDWAYS, LTD., Respondent.**

No. 65038.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 25, 1994.

Steven R. Sullivan, St. Louis, for appellant.

Lawrence Wittells, St. Louis, for respondent.

WHITE, Judge.

Appellant, Union Electric Company, brought a breach of contract action against respondent, Fundways, Limited. The jury found for respondent and this appeal followed. In points one and two, appellant argues the trial court erred in admitting Exhibits A and B respectively. Appellant contends, among other things, the two exhibits constituted parol evidence which varied

the terms of the written contract and, therefore, were inadmissible. In its third point, appellant claims the trial court erred in admitting Exhibit G because it was not relevant. In point four, appellant argues the trial court erred in not granting its motion for a mistrial following certain statements made by respondent during closing argument. Because we find the trial court erred in admitting Exhibits A and B, we need not address the remaining points on appeal. We reverse and remand.

The facts are as follows. On March 1, 1988, appellant and respondent entered into a written contract in which appellant agreed to sell and respondent agreed to buy a used IBM mainframe computer and several pieces of related peripheral equipment. The contract required respondent to pay the purchase price of $250,000 and remove the equipment on or about March 15, 1988.

Respondent failed to pay for or remove the equipment prior to March 15, 1988. On April 13, 1988, appellant sent respondent a letter stating it considered respondent in breach of the contract and intended to resell the equipment. By May 4, 1988, appellant had resold the equipment to different parties for a total of $155,000. Appellant brought an action against respondent seeking $95,000 in damages, representing the difference between the contract price, $250,000, and the resale price, $155,000.

At trial, appellant offered the written contract into evidence and it was admitted, without objection. During respondent's case-in-chief, the trial court received respondent's Exhibits A and B. Exhibits A and B were correspondence between appellant and respondent which preceded the written contract. Exhibit A, a mailgram from respondent to appellant, dated February 26, 1988, contained several alternative contract terms for consideration. One of these terms provided respondent with a right of cancellation if its third party purchaser did not agree to subsequently buy the equipment. The final contract did not contain this provision. Exhibit B, dated February 29, 1988, was appellant's acceptance of respondent's offer contained in Exhibit A. Appellant timely objected to the admission of this evidence on the grounds the exhibits were not relevant and violated the parol evidence rule.

Appellant argues in point one, the trial court erred in admitting Exhibit A because it constituted extrinsic evidence which varied and contradicted the parties' written contract and, thus, violated the parol evidence rule. In point two, appellant makes an identical argument in regards to Exhibit B.

█ Extrinsic evidence of a prior or contemporaneous agreement is generally not admissible to vary, add to, or contradict the terms of an unambiguous and complete written document, nor may such parol evidence be used to create ambiguity in an otherwise unambiguous document. *Sedalia Mer. Bank & Tr. v. Loges Farms*, 740 S.W.2d 188, 193 (Mo.App.W.D.1987). The parol evidence rule is a rule of substantive law and not a mere rule of evidence. *W.E. Koehler Const. Co. v. Medical Ctr., etc.*, 670 S.W.2d 558, 562 (Mo.App.W.D.1984). Evidence offered in violation of it must be ignored. *Id.* The law conclusively presumes all prior and contemporaneous agreements have been merged into an unambiguous written contract, which becomes the final memorial of the agreement. *Central Production Credit Association v. Reed*, 805 S.W.2d 300, 302 (Mo.App. S.D.1991). The issue is whether the parties here intended the written contract to be a final and complete integration of their agreement.

█ Appellant contends the written contract contained the full expression of the parties' understanding and, thus, admitting Exhibits A and B into evidence violated the parol evidence rule. We agree.

The contract is a straightforward, four-page, double-spaced document in which the parties' intent to memorialize their entire agreement is discernible from the document's face. Any doubts to the contrary are resolved by the contract's integration clause. It stipulates the contract not only supersedes any prior representations or communications between the parties respecting the subject matter, but also may not be modified except in writing, signed by the parties. The parol evidence rule is *particularly* applicable in situations like this where the writing contains

an integration clause and requires any additions to or alterations in the contract to be in writing and signed by both parties. 29A Am.Jur.2d *Evidence* § 1095 (1994) (emphasis added). "Such a stipulation announces and demonstrates the all-inclusive nature of the written instrument and furnishes additional reason for applying the parol evidence rule." *Id.* If this were not so, few written instruments would be secure.

After careful review of the contract, we are convinced it contains all of the essential elements necessary to bind the parties to the contract. Accordingly, this court holds the March 1, 1988 contract was intended by the parties to be a final expression of their intentions and, therefore, Exhibits A and B violated the parol evidence rule and should not have been admitted into evidence.

■ During trial, respondent argued Exhibits A and B were admissible because the documents were evidence of a condition precedent and did not fall within the constraints of the parol evidence rule.[1] We disagree.

Parol evidence is admissible to show conditions precedent which relate to when and if a written instrument is to become effective. *Farmers Ins. Exch. v. Farm Bureau Mut. Ins. Co.,* 522 S.W.2d 779, 783 (Mo. banc 1975). The rationale is such evidence does not constitute an alteration or contradiction of the written agreement if the written agreement never came into being. *Id.*

However, this exception to the parol evidence rule has no application to the present case where the evidence contested contradicts the express terms of the writing. Section 8 of the contract provides, in part, "[e]ach party represents to the other that it has no knowledge of or reason to believe that any third party was the procuring cause of this sale . . . ." Respondent's evidence establishing the contract was not operative unless its third party purchaser committed to subsequently purchase the equipment is inconsistent with the contract's language. Parol evidence is not admissible to prove a condition

precedent if the condition varies, negates, or contradicts the express terms of the writing. 29A Am.Jur.2d *Evidence* § 1113 (1994); *See Farmers,* 522 S.W.2d at 783. Therefore, Exhibits A and B, as evidence of a condition precedent to the contract and which contradicted the terms of the contract, violated the parol evidence rule and such evidence must be ignored.

■ The policy of preserving the integrity of the written instrument is especially relevant in cases involving a written contract between two corporations who are presumably represented by competent counsel. *Empire Gas Corp. v. UPG, Inc.,* 781 S.W.2d 148, 154 (Mo.App.S.D.1989). "Such parties should be held to the terms of their written contract whenever it is reasonable to do so, as it is incumbent upon courts to uphold the dignity of a contract whenever possible by preventing parol evidence from being used to negate the terms of written contracts." *Id.* This policy is applicable here where respondent's main purpose, as testified to by its president, is to buy and sell used computer equipment. This is not a case where one of the parties was unsophisticated and inexperienced in regard to sales contracts.

By admitting Exhibits A and B, the jury could have inferred these documents constituted the contract terms and, therefore, appellant was prejudiced.

The judgment is reversed and the cause remanded to the trial court.

SMITH, P.J., and PUDLOWSKI, J., concur.

---

1. Although respondent filed two motions for extensions to file its brief, it ultimately failed to do so.