**Terry HAMPTON, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. WD 48837.**

Missouri Court of Appeals, Western District.

Dec. 27, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, for appellant.

George W. Lehnen II, Richmond, for respondent.

Before ULRICH, P.J., and KENNEDY and BERREY, JJ.

PER CURIAM:

The Director of Revenue, State of Missouri, appeals the trial court's judgment ordering reinstatement of Terry Hampton's Missouri driver's license which had been revoked pursuant to sections 302.500 through 302.541, RSMo 1986 & Cum.Supp.1993. The judgment of the trial court is reversed, and the case is remanded for reinstatement of the Director of Revenue's suspension order.

Trooper Raymond Raw, a twenty-six year veteran of the Missouri Highway Patrol, arrived at the scene of a reported accident in Ray County at approximately 4:10 a.m., April 7, 1993. Trooper Raw observed Terry Hampton sitting in the driver's seat of a vehicle located beside the Fishing River, two miles west of Orrick. The engine of the vehicle was running, and Mr. Hampton was seated behind the steering wheel of the vehicle.

As Trooper Raw confronted Mr. Hampton, he recognized Mr. Hampton's breath had a strong odor of alcoholic beverage. When Mr. Hampton exited the vehicle, Trooper Raw observed Mr. Hampton was unstable on his feet. Mr. Hampton admitted to having been drinking and that he had been driving the vehicle. He stated that he began drinking when he arrived at the river and stopped drinking when the vehicle became stuck. Trooper Raw testified that Mr. Hampton was "obviously intoxicated." Mr. Hampton was arrested, and he submitted to a breath analysis test. The test represented that Mr. Hampton's blood alcohol concentration was .195 percent.

The vehicle in which Mr. Hampton was seated when Trooper Raw arrived at the vehicle's location was operable. The vehicle was stuck in the mud, and Trooper Raw testified that he observed the vehicle had been moved backward and forwards about three or four feet, three or four times. Trooper Raw stated on cross examination that a train operator had reported that he saw the vehicle enter the river at approximately 3:23 a.m.

Mr. Hampton testified that he had drunk a beer before fishing. He said the vehicle became stuck between 8:30 and 9:00 p.m., April 6, the night before when he attempted to move the vehicle closer to the river. He testified that when he told Trooper Raw that he had stopped drinking when the vehicle became stuck in mud, he must have been confused because he did not start "really drinking" until after the vehicle became stuck and he gave up attempting to get it unstuck. He testified that after he finished drinking, he climbed into the car, turned it on and went to sleep between 10:00 and 12:00 midnight.

The trial court determined the suspension of Mr. Hampton's license was unsupported by the evidence, and the court ordered his Missouri operator's license reinstated.

■■■ The standard of appellate review requires the judgment of the trial court be affirmed unless no substantial evidence supports it, the judgment is against the weight of the evidence, or the judgment erroneously declares or misapplies the law. *Stoltz v. Director of Revenue*, 816 S.W.2d 711, 713 (Mo.App.1991). At a motor vehicle license revocation proceeding, the Director of Revenue bears the burden to prove, by a preponderance of the evidence, that the law enforcement officer who arrested the petitioner had probable cause to arrest the petitioner for driving while intoxicated and that the petitioner's blood alcohol content was at least .10 percent by weight of alcohol in his blood. *Chinnery v. Director of Revenue*, 885 S.W.2d 50 (Mo.App.1994; § 302.505, RSMo Cum. Supp.1993. The single issue is whether the evidence established that Trooper Raw had probable cause to arrest Mr. Hampton for operating a motor vehicle while intoxicated

and whether the trial court erred in finding that he did not. The determination that Mr. Hampton's blood alcohol content was .195 percent was not contested.

■■■ Probable cause exists when facts and circumstances cause a person of reasonable caution to believe that an offense has been or is being committed. *Stoltz v. Director of Revenue*, 816 S.W.2d at 714. Whether a law enforcement officer had probable cause to make an arrest must be determined "in relation to the circumstances as they would have appeared to a prudent, cautious, and trained police officer." *Id.* (quoting *United States v. Lopez*, 777 F.2d 543, 551 (10th Cir.1985)). A law enforcement officer need not actually observe a person driving a motor vehicle in order to have probable cause to arrest the person for driving while intoxicated. *Wilcox v. Director of Revenue*, 842 S.W.2d 240, 243 (Mo.App.1992). The arresting law enforcement officer may rely upon circumstantial evidence when he does not actually observe the driver drive the vehicle. *Id.; Williams v. Director of Revenue*, 743 S.W.2d 598, 599 (Mo.App.1988).

■■■ Sufficient circumstantial evidence established probable cause for Trooper Raw to believe Mr. Hampton was operating a motor vehicle while the blood alcohol content in his blood exceeded the amount proscribed in section 302.505, RSMo Cum.Supp.1993. Trooper Raw observed Mr. Hampton seated behind the wheel of a motor vehicle. The engine of the vehicle was running. Mr. Hampton appeared to be intoxicated. He told Trooper Raw that he had been drinking. He acknowledged telling Trooper Raw that he stopped drinking when the vehicle became stuck in the mud. Trooper Raw observed that the vehicle had been moved forward and backwards in an attempt to extricate it from the mud. Trooper Raw determined the vehicle was operable.

Section 302.505.1, RSMo Cum.Supp.1993, provides that the Department of Revenue "shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's

blood or breath was ten-hundredths of one percent or more by weight of alcohol in his blood." A person may be deemed operating a vehicle even if the vehicle is stuck in a ditch. *State v. Nickerson,* 763 S.W.2d 716, 717 (Mo.App.1989). In *Nickerson,* the defendant's DWI conviction was upheld even though he was found asleep or passed out in his truck and the truck was then stuck in a ditch.

The evidence established that Mr. Hampton was operating the vehicle in which he was seated when observed by Trooper Raw. Probable cause existed for Trooper Raw to arrest Mr. Hampton. Mr. Hampton's blood alcohol content was greater than .10 of one percent by weight of alcohol in his blood. Therefore, the judgment of the trial court is reversed, and this cause is remanded for reinstatement of the suspension order.