Betty J. **SPENCER**, Plaintiff/Respondent,

v.

**UNION PACIFIC RAILROAD COMPANY, Defendant/Appellant.**

No. 68359.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 16, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 1996.

Allan M. Goodloe, Jr., David A. Stratmann & A. Laurie Koller, Thompson & Mitchell, St. Louis, for appellant.

P. Michael Read, Belleville, Ill., William J. Dowd, Dowd & Dowd, P.C., Rick Rosen, St. Louis, for respondent.

CRANDALL, Judge.

Defendant, Union Pacific Railroad Company, appeals from the trial court's judgment in favor of plaintiff, Betty J. Spencer, enforcing a settlement agreement in which defendant agreed to pay plaintiff $35,000.00 for bodily injuries resulting from her employment duties. We reverse and remand.

The facts are not in dispute. Plaintiff was employed by defendant. Plaintiff filed this action under the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq., claiming she developed carpal tunnel syndrome as a result of her employment duties. Prior to the filing of this lawsuit, but after making a personal injury claim on defendant, plaintiff received $11,100.00 in advances from defendant for her alleged injury. Plaintiff signed the following advance payment receipt:

I[,] Betty J[.] Spencer[,] having sustained personal injury while employed by Union Pacific Railroad Company at Omaha[,] NE, on June 12, 1989, and having a claim for compensation and damages as a result of said injury, hereby acknowledge receipt from Union Pacific Railroad Company the sum of $2,400.00, as an advance payment to be applied in reduction of any amount I may receive by settlement or judgement as a result of said injury, making a total advanced to me to date of $11,100.00. Said payment is not to be considered an admission of liability for said injury, or of any other matter. I acknowledge that the period of limitation for commencing action on said claim expires on June 12, 1992.

Subsequently, the parties entered settlement negotiations, and on November 28, 1994, the parties, through counsel, agreed to settle the lawsuit for $35,000.00. No reference was made to the advances in the correspondence between counsel relating to settlement negotiations.

Defendant sent a release to plaintiff on December 9, 1994, which contained the following language:

1. KNOW ALL MEN BY THESE PRESENT that I, BETTY SPENCER, ("Spencer") being of sound mind, for the sole consideration of Thirty Five Thousand and no/100 ($35,000.00) dollars, receipt of which is hereby acknowledged, paid to me by and/or on behalf of Union Pacific Railroad Company, (hereinafter referred to as "RELEASEE," [)] do hereby release and hereby forever discharge the said RELEASEE and all other related persons and corporations, . . .

13. It is further understood and agreed that this is the complete Release Agreement, and that there are not written or oral understandings or agreements, directly or indirectly connected with this Release and settlement, that are not incorporated herein . . . .

On December 14, 1994, defendant issued a settlement check to plaintiff in the amount of $23,900.00, which was the settlement amount minus the advances paid to plaintiff. Plaintiff protested the amount of the check, insisting that she was entitled to $35,000.00.

Both parties filed motions to compel settlement. On May 5, 1995, the trial court denied defendant's motion to compel settlement, and ordered the defendant to pay plaintiff $35,000.00. On September 25, 1995, the trial court entered judgment on the settlement in favor of the plaintiff.

Although the defendant raises three points on appeal, the salient issue is whether the trial court's determination that plaintiff was entitled to $35,000.00 was error because plaintiff had signed the advance payment receipt agreeing that the advancements she received were to be applied in reduction of any settlement.

Plaintiff contends the release she signed was intended to be the complete and final expression of the parties' settlement agreement, and therefore the parol evidence rule prohibits the trial court from considering the prior advance payment receipt.

Although the law conclusively presumes all prior and contemporaneous agreements have been merged into the final draft of an agreement, and evidence of such prior or contemporaneous agreements is generally not admissible to vary, add to, or contradict the terms of an unambiguous and complete written document, see Union Elec. Co. v. Fundways, Ltd., 886 S.W.2d 169, 170 (Mo. App.E.D.1994), here, the advance payment receipt does not contradict the terms of the settlement agreement. It does not alter or add to the settlement agreement. The advance was a separate contract independent of the settlement negotiations and is not barred by the parole evidence rule.

Section 5 of 45 U.S.C. § 55 permits advances to be deducted from final settlements. Akerly v. New York Central Railway Co., 168 F.2d 812, 815 (Ct.App. 6th Cir.1948). In Akerly, the plaintiff was injured while working on a locomotive. Id. at 813. The defendant advanced $50 to the plaintiff in exchange for the plaintiff's agreement to endeavor to settle the claim and not sue the defendant in any court outside of the plaintiff's state of residence or where the injuries occurred. Id. The court disapproved of the venue limitation, but held that the amount of the advance was deductible from the final settlement. Id. at 815.

Here, the receipt provided by its terms that these advance payments would be applied in reduction of any settlement or judgment the plaintiff received. The release does not preclude a reduction by the advancement and provides that the total settlement was $35,000.00. Thus, the case was settled for $35,000.00, not $46,100.00. The *method* of payment was a $11,100.00 advancement, as evidenced by the receipt, and a $23,900.00 post settlement disbursement.

The trial court erred in ordering defendant to pay $35,000.00. The judgment is reversed and the cause is remanded.

CRAHAN, P.J., concurs.

GARY M. GAERTNER, J., dissents with opinion.

GARY M. GAERTNER, Judge, dissenting.

I respectfully dissent. All prior negotiations and agreements between contracting parties are conclusively presumed merged into a final, unambiguous written contract. See Union Elec. Co. v. Fundways, Ltd., 886 S.W.2d 169, 170 (Mo.App.E.D.1994); Chase Elec. Co. v. Acme Battery Mfg. Co., 798 S.W.2d 204, 209 (Mo.App.E.D.1990). The release at issue here, drafted by defendant, constituted a final and complete agreement:

13. It is further understood and agreed that this is the complete Release Agreement, and that there are not written or oral understandings or agreements, *directly or indirectly connected* with this Release and settlement, that are not incorporated herein. . . .

(emphasis added.) The advance payments receipt was "directly or indirectly connected with this Release and settlement," and thus was incorporated into the release. The trial court enforced the release as written and agreed to by the parties—for $35,000. I see no error and would affirm the judgment of the trial court.