**DIVISION OF YOUTH SERVICES,**
Appellant,

v.

**Gil HOPSON, Respondent.**

**No. WD 52613.**

Missouri Court of Appeals,
Western District.

Nov. 19, 1996.

Richard J. Childress, St. Louis, for appellant.

Maureen McCarthy Franz, St. Louis, for respondent.

Before LOWENSTEIN, P.J., and BRECKENRIDGE and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

This is an appeal from a decision of the Missouri Personnel Advisory Board (Board) reinstating Gil Hopson (respondent) to his former position with the Division of Youth Services (appellant). Respondent had been terminated due to an unauthorized leave of absence. The Board determined that respondent's absence from his employment with appellant was not unauthorized as claimed by appellant.

Appellant asserts three points on appeal: 1) the Board erred in relying upon evidence of prior oral authorization for leave; 2) the Board erred in determining that respondent's absence was "authorized", because it failed to apply the relevant statutory and regulatory standards defining that term; and 3) the Board erred in failing to apply the "Parol Evidence Rule" when it admitted evidence concerning oral authorization extending respondent's leave of absence.

We affirm.

## FACTS

Respondent began working for Appellant in March 1976, and served as a Regional Family Specialist. Around December 5, 1994, respondent orally asked his supervisor, Elaine Koehler (hereinafter Koehler), for permission to take a leave of absence from work. Respondent testified that he told Koehler that he would be taking from one to three weeks off, depending on the financial outcome of his visit to Las Vegas. Conversely, Koehler testified that respondent asked for only one week, but agreed to contact her if he was to be gone longer. Both parties agree that after speaking with Koehler, respondent filled out a Request for Leave form, in which he only stated he would be gone for the week of December 12, 1994. He testified that he intended to correct the paperwork after he returned if his time off extended beyond December 16, 1994. The Board and the trial court found that respondent's conduct was consistent with his own and other employees' previous leave-taking routine. Further, the trial court found that Koehler had a habit of forgetting the length of authorized leave she granted to employees under her supervision.

Other than a post card to several co-workers he sent from Hong Kong, respondent was not in contact with appellant during the days following December 19, the earliest date respondent was to return to work according to both appellant and respondent. On December 27, 1994, Koehler asked for permission from her superiors to terminate respondent for failure to return to work, and on December 29, 1994, appellant sent a letter notifying respondent that he was to be terminated as of January 21, 1995. Respondent returned to work on January 3, 1995, which was three weeks from the first day of authorized leave, and filled out the paperwork to supplement his Request for Leave form.

Respondent appealed his dismissal to the Board, which found that since appellant did not establish that respondent was absent from work without authorization, respondent's dismissal was without good cause. The Board ordered that appellant be reinstated with lost salary. On review, the trial court found that the Board did not abuse its discretion in its findings, as its decision was not arbitrary, capricious or unreasonable, and the trial court upheld the decision of the Board. Appellant now appeals respondent's reinstatement.

## STANDARD OF REVIEW

■ Our standard of review is set out in § 536.140,[1] which states, in pertinent part:

2. The [court's] inquiry may extend to a determination of whether the action of the agency

(1) Is in violation of constitutional provisions;

(2) Is in excess of the statutory authority or jurisdiction of the agency;

(3) Is unsupported by competent and substantial evidence upon the whole record;

(4) Is, for any other reason, unauthorized by law;

(5) Is made upon unlawful procedure or without a fair trial;

(6) Is arbitrary, capricious or unreasonable;

(7) Involves an abuse of discretion.

We must view the record in the light most favorable to the agency's decision and disregard evidence that supports other findings. *Clark v. Reeves*, 854 S.W.2d 28, 31 (Mo.App. 1993). In our appellate review, we must not substitute our judgment for that of the Personnel Advisory Board, but must treat the Board's decision as if it had been directly appealed to this court. *Prenger v. Moody*, 845 S.W.2d 68, 73 (Mo.App.1992). If the evidence supports more than one contrary conclusion, we must defer to the agency's findings of fact. *Clark* at 32. However, when a legal standard or application of law is at issue, our scope of review is less restricted. *Gerig v. Board of Educ.*, 841 S.W.2d 731, 733 (Mo.App.1992). A court reviewing an administrative agency's decision of law is not bound by the substantial evidence test. *Central Bank of Clayton v. State Banking Bd. of Mo.*, 509 S.W.2d 175, 190 (Mo.App.1974).

## I. SUFFICIENCY OF EVIDENCE TO ESTABLISH AUTHORIZATION

■ In Point I, appellant claims that the Board lacked competent and substantial evidence to find that respondent was orally authorized to extend his leave of one week, which he had previously requested in writing. Appellant contends that for the Board to conclude respondent's supervisor did, in fact, orally authorize respondent to extend his leave up to three weeks, it impermissibly had to consider evidence of past conduct that indicated a recurring practice of oral authorization. We disagree.

■ Appellant is correct in stating that in criminal cases, evidence of prior misconduct cannot generally be used to establish the commission of a subsequent crime. *See, e.g., State v. Bernard*, 849 S.W.2d 10, 13 (Mo. banc 1993) (stating that evidence of uncharged misconduct is inadmissible to show propensity to commit such crimes). However, the criminal cases appellant directs us to do not stand for the proposition that this rule of evidence applies equally to civil actions. In civil actions, relevant evidence of custom and practice is admissible to show the occurrence of subsequent acts. *See, e.g., Miles Homes v. First State Bank*, 782 S.W.2d 798, 802 (Mo.App.1990) (holding that "[e]vidence of a business routine or custom may establish an act was performed"); *First Nat'l Bank v. Mid–Century Ins. Co.*, 559 S.W.2d 50, 52 (Mo.App.1977) (holding that evidence of an insurance company's custom and business practice was admissible to show the letter in question was properly mailed).

Here, the respondent and his supervisor, Koehler, provided the Board with two conflicting accounts as to whether Koehler gave respondent oral authorization to extend his leave. In order to rebut Koehler's claim that she did not give respondent oral authorization to extend his leave, respondent proffered evidence of prior oral authorizations. Thus, the evidence of prior occasions where Koehler orally granted leave to appellant's employees was relevant to the Board's determination of whether authorization was granted in the instant case. It was not only relevant, but admissible as evidence of custom and practice. *Miles*, 782 S.W.2d at 802; *First Nat'l Bank v. Mid–Century Ins. Co.*, 559 S.W.2d at 52. Therefore, we hold that the Board was not arbitrary, capricious or unreasonable when it admitted evidence of a prior practice of granting oral requests for leave, and this evidence is substantial and competent support for the Board's determination that respondent's leave was authorized.

Point denied.

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

## II. PROPRIETY OF ORAL AUTHORIZATION

■ In Point II, appellant alleges that the Board erred in determining that respondent's leave was authorized, because leave could only be granted via a written "Request for Leave" form, not orally as claimed by respondent. Appellant argues the fact that respondent orally informed Koehler he might extend his leave was irrelevant, since it was insufficient to establish authorization. Thus, appellant asserts that respondent's leave was confined to the days requested on the written form, and the appellant rightfully terminated respondent when he failed to report for work after that period had elapsed. We disagree.

In making its argument, appellant at no time alleges that Koehler lacked the authority to orally authorize a leave of absence. Instead, appellant refers us to its Request for Leave form as evidence of its claim that oral authorization for leave is simply not permitted. The form states in pertinent part that "[a]ll requests for leave should be submitted and approved prior to the date of leave." We find that, neither this language, nor the record, supports appellant's contention that the Request for Leave form is the sole method of authorization permitted.

As an employee of the Division of Youth Services and the Department of Social Services, respondent is an employee covered by

the state employee merit system under § 36.030. In § 36.350,[2] the Missouri Legislature provided for regulations concerning procedures for sick and annual leave for merit system employees. In response, 1 CSR 20–5.020(3)[3] was promulgated to specifically address overtime and compensatory leaves with pay. While this section assumes a request for leave will be communicated to the employee's "appointing authority" at some point, the regulation does not indicate the manner in which requests for leave must be made. Further, 1 CSR 20–3.070(7)(A),[4] which applies to separation, suspension and demotion of employees, does not proscribe in what manner requests for leave must be made. We find no statute or regulation requiring authorization for leave to be in writing as argued by the appellant. As we determined, *supra,* there was adequate evidence for the Board to decide that not only had Koehler given oral authorization for leave in the past, she had done so on this particular occasion. Thus, we hold that the Board had substantial and competent evidence to find that appellant was empowered to orally authorize respondent's leave and did so.

Point denied.

## III. APPLICATION OF PAROL EVIDENCE RULE TO "REQUEST FOR LEAVE" FORM

In Point III, appellant alleges that when the Board determined that respondent was

---

2. Section 36.350 states:

The regulations shall provide for the hours of work, holidays, attendance, and leaves of absence in the various classes of positions subject to this law. They shall contain provisions for annual leave, sick leave, and special leaves of absence, with or without pay, or with reduced pay, and may allow special extended leaves for employees disabled through injury or illness arising out of their employment, and the accumulation of annual leave and sick leave. Such regulations shall apply in all state agencies.

3. 1 CSR 20–5.020(3) states, in pertinent part:

(3) Overtime or compensatory leaves of absence with pay shall be granted in accordance with 1 CSR 20–5.010(1)(C), (D) and (E) and (2)(E) to employees who have not been otherwise compensated for overtime or holiday work. Compensatory leave will be governed by the following provisions:

(A) The appointing authority will keep records of compensatory time earned in accordance

with these rules. Each appointing authority will establish maximum compensatory leave balances that may be maintained, provided that the maximum balance established shall not exceed that permitted by applicable statute or rule. Overtime or holiday work will be compensated by pay if additional compensatory leave will exceed established maximum accrual;

(B) Requests for the use of accumulated compensatory time off with pay shall be granted at times that the needs of the service are not unduly disrupted; and an appointing authority may direct the use of this leave....

4. 1 CSR 20–3.070(7)(A) states, in pertinent part:

An employee who absents him/herself from duty without prior authorization and under conditions which are not subsequently found to justify the granting of leave under these rules, depending upon the reason for and length of the absence, may be subject to appropriate discipline as provided in these rules....

authorized to take up to three weeks leave, it incorrectly based its decision upon evidence barred by the parol evidence rule by admitting evidence of oral authorization which was outside of the four corners of the written form. In the alternative, if we do not find the leave form to be a contract, appellant urges us to extend the application of the parol evidence rule to the form, relying on the holding in *State v. O'Toole*, 673 S.W.2d 25, 27 (Mo. banc 1984). In *O'Toole*, the Missouri Supreme Court extended the parol evidence rule to exclude oral evidence that contradicted entries in the legislative journal.

### A. LEAVE FORM NOT A CONTRACT

The parol evidence rule is a rule of substantive law, rather than a mere rule of evidence. *Union Elec. Co. v. Fundways, Ltd.*, 886 S.W.2d 169, 170 (Mo.App.1994). The rule provides that complete and unambiguous written contracts cannot generally be varied, added to or contradicted by extrinsic evidence of prior or contemporaneous agreements. *Id.*

There is no need to go into any detailed discussion of whether the request form is a contract—it is not. *See, e.g., Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661, 662 (Mo. banc 1988) (stating that "the essential elements of a contract include offer, acceptance, and bargained for consideration"). The form is an administrative form used to notify the employer of the employee's intent to take leave and to keep a record of the amount of leave taken. Because the request form is not a contract, the parol evidence rule has no application here.

### B. PAROL EVIDENCE RULE SHOULD NOT BE EXTENDED

Appellant also contends the parol evidence rule should apply, based upon the exception enunciated in *O'Toole* that extended the parol evidence rule to the Missouri State Legislative Journal. We decline to extend the application of the rule to such administrative forms, because such forms do not rise to the level of a legislative journal. The rationale of the holding in *O'Toole* has no application here. Therefore, based on our review of the Board's legal analysis, we hold that the Board did not err when it did not apply the parol evidence rule to testimony concerning the parties' oral agreement.

Point denied.

### CONCLUSION

We affirm the decision of the Board reinstating the respondent to his former position with the Division of Youth Services with payment of lost salary.

All concur.