**Jerry A. GLEASON, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. WD 47242.**

Missouri Court of Appeals,
Western District.

Aug. 10, 1993.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Jerry A. Gleason, pro se.

Before BRECKENRIDGE, P.J., and KENNEDY and LOWENSTEIN, JJ.

PER CURIAM.

Jerry A. Gleason was arrested for the violation of a Kansas City, Missouri ordinance which prohibits the operation of a motor vehicle while intoxicated. Gleason's driver's license was then revoked for one year pursuant to Missouri's administrative DWI law, sections 302.500–302.540, RSMo 1986. After a trial *de novo*, the trial court set aside the revocation, and the Director of Revenue now appeals.

Reversed and remanded.

At approximately 4:30 a.m. on March 21, 1992, Officer Arthur Wallace of the Kansas City, Missouri Police Department noticed a car sitting in the parking lot of a Thriftway grocery store. Because of a string of recent burglaries, Officer Wallace and his partner ran a check on the vehicle, which revealed that there was an outstanding warrant for the driver's arrest.

Officer Wallace's partner took the driver into custody, and Wallace gave the car keys to Gleason, who was a passenger in the vehicle. Officer Wallace told Gleason not to attempt to drive the vehicle, because he appeared to be extremely intoxicated. Instead, instructed Officer Wallace, Gleason was to walk to a convenience store that was a half block down the street, and call someone for a ride home.

As Officer Wallace watched, Gleason returned from the convenience store, and then got back into the car and started the engine. At that point, Officer Wallace placed Gleason under arrest. Gleason was then given a breathalyzer test, which indicated a blood alcohol content of .137%.

At the trial *de novo* challenging the ensuing revocation action, Gleason testified that, on the morning of his arrest, he did call his parents for a ride home before he returned to the car. Then, he said, he turned on the car engine and let it run briefly in order to keep warm. After the trial, the trial court issued an order setting aside the license revocation.

On appeal, the Director of Revenue claims that the trial court erred in setting aside the revocation of Gleason's driver's license. The Director of Revenue contends that Gleason was properly subject to revocation because he was in actual physical control of the vehicle before he was arrested.

■ To revoke a license pursuant to the version of section 302.505 that was in effect at the time of the relevant events in the case at bar, the burden is on the Director of Revenue to establish that the arresting officer had probable cause to make the initial arrest and that the chemical analysis showed a blood alcohol content of at least .13%. *Stolz v. Director of Revenue*, 816 S.W.2d 711, 713 (Mo.App.1991).

In the case at bar, it was undisputed that Gleason's blood alcohol content exceeded .13%. Therefore, the case centers upon whether the arresting officer had probable cause to make the initial arrest. The type of facts needed to determine probable cause are found in the definition of the substantive offense and in case law dealing with the sufficiency of the evidence to convict of the substantive offense. *Wilcox v. Director of Revenue*, 842 S.W.2d 240, 242 (Mo.App.1992).

■ In the case at bar, Gleason was arrested for the violation of Kansas City, Missouri Ordinance § 34.116(b), which makes it unlawful for "any person who is under the influence of intoxicating liquor *to be in a position to physically handle the driving of any vehicle* within the city." The emphasized language is a further refinement of the phrase "actual physical control," as that phrase is used to define "driving" for the purposes of the state DWI statutes, and therefore the case law construing "actual physical control" is applicable here. *Stolz*, 816 S.W.2d at 714.

Case law construes "actual physical control" as keeping a vehicle in restraint or being in a position to regulate its movements. *Wilcox*, 842 S.W.2d at 242. A driv-

er is deemed to be in actual physical control of even a motionless vehicle if the engine is running. *Id.; State v. Dey*, 798 S.W.2d 210, 212 (Mo.App.1990). Furthermore, the case law does not require proof that a driver actually intended to drive the vehicle in order for that driver to be found to be in actual physical control. *Dey*, 798 S.W.2d at 212.

Applying these principles to the case at bar, we find that Gleason was properly subject to a revocation of his driver's license pursuant to sections 302.500–302.540. Accordingly, the judgment of the trial court is reversed, and the cause is remanded with directions for the trial court to affirm the revocation of Gleason's driver's license.

All concur.