**Darin KRIENKE, Respondent,**

v.

**Janette M. LOHMAN, Director,
Department of Revenue,
Appellant.**

**No. WD 54356.**

Missouri Court of Appeals,
Western District.

Jan. 20, 1998.

Rikki Jones, Jefferson City, for Appellant.

Edward Coulson, Gladstone, for Respondent.

SPINDEN, Presiding Judge.

Janette M. Lohman, director of the Department of Revenue, appeals the circuit court's judgment to set aside her suspension of Darin Krienke's driving license on the ground that he drove a motor vehicle while his blood alcohol concentration exceeded .10 percent. Although Krienke was sitting in the driver's seat of his van with the engine running, the circuit court ruled that Krienke "was not in physical control or driving the vehicle." We reverse the circuit court's judgment.

Police officers, investigating a report of a suspicious car and occupant at 1:20 A.M. on July 18, 1996, saw Krienke and his father sitting in the front seats of a van parked in front of a gasoline station. Krienke was sitting in the driver's seat, and the van's engine was running. A test indicated that his blood alcohol concentration was .198 percent.

Krienke's father, Daniel Krienke, testified at trial that he and his son had been drinking beer at a bar that night when they decided to drive around town. Daniel Krienke said that he drove the van until he tired of driving, so he parked it at the station, got out, pushed his son into the driver's seat and told him to drive. He said that his son refused because he was on probation for driving while intoxicated. Both Krienkes testified that Darin Krienke never drove the van.

Section 302.505.1, RSMo 1994, says:

The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe such person was driving a motor vehicle while the alcohol concentration in the person's blood, breath, or urine was ten-hundredths of one percent or more by weight, based on the definition of alcohol concentration in section 302.500[.]

Krienke did not challenge Lohman's contention that his blood alcohol content was .198 percent. He argues only that she failed to

establish probable cause to believe that he was driving a motor vehicle.

The circuit court erred in according too narrow a definition to the term "driving." Section 302.505.1 does not define "driving," but this court has adopted the definition of "driving" set out in § 577.001.1, RSMo 1994:[1] "physically driving or operating or being in actual physical control of a motor vehicle." *Chinnery v. Director of Revenue*, 885 S.W.2d 50, 52 (Mo.App.1994). We held in *Chinnery* that a person was in physical control of a motor vehicle, even when the vehicle was not in motion, so long as the person was in "a position to regulate its movements." *Id.* In facts similar to those in this case, we ruled in *Gleason v. Director of Revenue*, 859 S.W.2d 189, 190 (Mo.App.1993), that a person who started a car's engine so he could turn on the car's heater was in physical control of the car even though he never drove—or intended to drive—the vehicle anywhere. *See also Kramer v. Director of Revenue, State of Missouri*, 924 S.W.2d 308 (Mo.App.1996) (reversing the same circuit court under very similar facts).

Krienke physically controlled the van. The engine was running, and he was at the controls. He alone had the physical power to determine whether the van remained parked or was put in motion.

■ The circuit court focused on the wrong issue. Whether Krienke was driving, or never had any intentions of driving, was irrelevant. The issue was whether he was in physical control. Even deeming the facts to be as Krienke asserted, Lohman had a sufficient basis to suspend Krienke's license. We have ruled repeatedly that persons whose blood alcohol concentration exceed .10 percent are not permitted by § 302.505.1 to be in physical control of a vehicle. We reverse the circuit court's judgment.

Krienke asks us to dismiss Lohman's appeal on the ground that the circuit court amended its judgment without giving him an opportunity to be heard in contravention of Rule 75.01.[2] The circuit court issued its judgment on March 11, 1997. On April 2, 1997, the circuit court entered an amended judgment. Krienke asserts that he did not see the amended judgment before it was issued and was not given an opportunity to be heard. The amended judgment inserted the grounds for the circuit court's ruling in Krienke's favor: "that [Krienke] was not in physical control or driving the vehicle in this case" and assessed costs against Krienke.

■ Assuming that Krienke is correct that the circuit court erred by not giving him an opportunity to be heard before issuing the amended judgment, we do not discern how he was prejudiced. The amended judgment still ruled in his favor. In his appellate brief, he does not contend that he suffered any prejudice other than Lohman's having benefit of 22 more days in which to file her appeal. He does not explain how the 22 extra days prejudiced him. Not all error is reversible error. "Only prejudicial error is reversible error." *State v. Taylor*, 943 S.W.2d 675, 678 (Mo.App.1997).

Moreover, he asserts, without citing authority, that the circuit court's not giving him an opportunity to be heard voided the amended judgment and thereby erased the additional days Lohman had to appeal. His lack of citation to authority is telling. We found none in our search and conclude that his proposition is incorrect.

Discerning no significant prejudice to Krienke, we deny his request to dismiss Lohman's appeal.

LAURA DENVIR STITH and EDWIN H. SMITH, JJ., concur.

---

1. Section 577.001.1 defines "driving" for purposes of construing Chapter 577, the statutes governing "the crime of 'driving while intoxicated.'" The General Assembly amended § 577.001.1, effective August 28, 1996, to remove physical control from the definition. The amendment is not applicable to this case.

2. The rule says, "The trial court retains control over judgments during the thirty-day period after entry of judgment and may, *after giving the parties an opportunity to be heard and for good cause*, vacate, reopen, correct, amend, or modify its judgment within that time." We added the emphasis.