Roy M. WILCUTT, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. ED 76722.

Missouri Court of Appeals,
Eastern District,
Southern Division.

May 30, 2000.

Walter S. Drusch, Jr., Lowes & Drusch, Cape Girardeau, for respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

SHERRI B. SULLIVAN, Judge.

Director of Revenue ("Director") appeals from the trial court's judgment reinstating the driving privileges of Roy M. Wilcutt ("Driver") and setting aside Director's order suspending Driver's driver's license under Section 302.505 [1] for driving a motor vehicle with a blood alcohol concentration of at least .10% by weight. The trial court found that Director failed to sustain his burden of proof for the admissibility of Driver's breathalyzer test results. We reverse and remand.

On May 14, 1998, a Missouri State Highway Patrol officer stopped Driver's car for a broken headlight. Upon contact with Driver, the officer smelled a strong odor of intoxicants on Driver's breath. The officer also noticed Driver's eyes were watery, bloodshot, glassy, and Driver's pupils reacted poorly to light. Additionally, the officer observed Driver to be unsteady on his feet. Driver agreed to perform several field sobriety tests, the results of which indicated to the officer that Driver was intoxicated.

The officer arrested Driver for driving while intoxicated and transported him to the sheriff's office. Driver consented to take a breathalyzer [2] test, the results of which determined Driver's blood alcohol concentration to be .109%. Director suspended Driver's driver's license under Section 302.505 for driving a motor vehicle with a blood alcohol concentration of at least .10% by weight. The suspension was upheld after an administrative hearing.

Driver filed a Petition for Trial *De Novo* in the Cape Girardeau County Circuit Court pursuant to Section 302.535. At trial on January 26, 1999, Director's evidence consisted of the following: (1) a copy of 19 CSR 25–30.051 effective October 30, 1998; (2) testimony of the officer who maintained the DataMaster and is a Type II permit holder from the Department of Health; (3) an affidavit from Rock Creach from the Department of Health; (4) the Datamaster Maintenance Report dated April 28, 1998; (5) a RepCo Marketing, Inc. Certificate of Analysis for the simulator solution; and (6) Department of Revenue records containing the arresting officer's Alcohol Influence Report, including a DataMaster checklist and a printout of Driver's breathalyzer test results.

Driver objected to the admission of the breathalyzer test results because the certificate of analysis did not comply with the version of 19 CSR 25–30.051 in effect at the time of the maintenance report and because Director failed to prove who made and supplied the solution.

The trial court found the certificate of analysis defective and deficient in that it did not comply with the version of 19 CSR 25–30.051 in effect at the time of the maintenance report.[3] The court also found that the emergency version of 19 CSR 25–30.051 effective May 4, 1998, did not apply retroactively because it was not purely procedural and that the Department of Health did not have the authority to promulgate emergency rules. Thus, the trial court applied the version of 19 CSR 25–30.051 in effect at the time of the maintenance report.

---

1. All statutory references are to RSMo. Supp. 1997, unless otherwise indicated.

2. The type of breathalyzer used on Driver was the DataMaster.

3. Specifically, the trial court found the certificate of analysis did not identify the supplier of the solution nor the "independent laboratory" or its location, and it did not state the ethanol concentration in aqueous solution and vapor solution.

In July 1999, the trial court set aside the suspension of Driver's driver's license finding that Director failed to sustain his burden of proof for the admissibility of Driver's breathalyzer test results, and therefore failed to show that Driver's blood alcohol concentration was .10% or greater.

Director alleges trial court error in reinstating the driving privileges of Driver and setting aside Director's order suspending Driver's driver's license under Section 302.505 because the trial court misinterpreted and misapplied the law and its decision was against the weight of the evidence in that the arresting officer had probable cause to arrest Driver for driving while intoxicated and Driver's blood alcohol concentration exceeded .10%.[4]

■ The trial court's judgment will be affirmed unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ At trial, the director has the burden of establishing a prima facie case for suspension of a driver's license. *Hurley v. Director of Revenue*, 982 S.W.2d 694, 696 (Mo.App. E.D.1998). To meet this burden, the director must show by a preponderance of the evidence that at the time of the arrest: (1) there was probable cause for arresting the driver for driving while intoxicated; and (2) the driver's blood alcohol concentration was .10% or greater. *Guccione v. Director of Revenue*, 988 S.W.2d 649, 652 (Mo.App. E.D.1999). To establish a foundation for admission of breathalyzer test results, the director must show that the test was performed (1) according to techniques and methods approved by the Department of Health; (2) by an operator holding a valid permit; and (3) using equipment and devices approved by the Department of Health. *Id.* Once the director has established a prima facie case, the burden shifts to the driver to present evidence to rebut the prima facie case by a preponderance of the evidence. *Id.* The burden is high to rebut the director's prima facie case, and it must be done with evidence, not by merely pointing out inconsistencies. *Hurley*, 982 S.W.2d at 696–697.

■ Although the trial court made no findings regarding whether probable cause existed for arresting Driver for driving while intoxicated, the evidence supports such a conclusion. Probable cause exists when circumstances and facts would warrant a person of reasonable caution to believe an offense has been committed. *Guccione*, 988 S.W.2d at 654. The determination of whether a police officer has probable cause to arrest must be made in relation to circumstances as they appeared to a prudent, cautious, and trained police officer. *Id.*

The officer's written statement regarding Driver's arrest is contained in the Alcohol Influence Report. After stopping Driver's car for a broken headlight, the officer smelled a strong odor of intoxicants on Driver's breath. The officer also noticed Driver's eyes were watery, bloodshot, glassy, and Driver's pupils reacted poorly to light. Additionally, the officer observed Driver to be unsteady on his feet. Driver agreed to perform several field sobriety tests, the results of which indicated to the officer that Driver was intoxicated. This evidence is sufficient to establish that the officer had probable cause to arrest Driver for driving while intoxicated.

At the time of Driver's arrest, the emergency version of 19 CSR 25–30.051 was in effect.[5] At the time of trial, the current version of 19 CSR 25–30.051, identical to the emergency version, was in effect.[6]

---

4. Driver did not file a brief with this Court, choosing instead to adopt the decision of the trial court as his argument.

5. This version was effective from May 4, 1998 to October 30, 1998.

6. This version became effective October 30, 1998.

The version prior to the emergency version, in effect at the time of the maintenance report, required a certificate of analysis to state the name of the supplier, the lot or batch number of the solution, the ethanol concentration in aqueous solution and vapor solution, and the expiration date. The emergency and current version require only that the maintenance report show the solution was from an approved supplier. Approved suppliers include: Alcohol Countermeasure, Inc.; Guth Laboratories, Inc.; and RepCo Marketing, Inc.

We recently have decided several cases involving the issue presented here. *See, e.g., Blechle v. Director of Revenue*, 11 S.W.3d 655, 658 (Mo.App. E.D.1999); *Harper v. Director of Revenue*, 14 S.W.3d 614, 617 (Mo.App. E.D.1999); *Selix v. Director of Revenue*, 985 S.W.2d 380, 382 (Mo.App. E.D.1999); *Meurer v. Director of Revenue*, 984 S.W.2d 873, 876 (Mo.App. E.D.1999); and *Vilcek v. Director of Revenue*, 974 S.W.2d 602, 604–605 (Mo.App. E.D.1998). In these cases, we have held that the version of 19 CSR 25–30.051 in effect on the date of the trial *de novo* is applicable to the evidence introduced at that trial. Further, we have held that 19 CSR 25–30.051 is procedural and subject to retrospective application.

Based on these holdings, we find the trial court erroneously applied the version of 19 CSR 25–30.051 in effect on the date of the maintenance report and erroneously concluded that the certificate of analysis was defective and deficient. We find that the certificate of analysis introduced at the trial *de novo* complied with the requirements of the current version of 19 CSR 25–30.051 in effect on the date of the trial. The record on appeal sufficiently reveals that the solution supplier was RepCo Marketing, Inc., one of the approved suppliers mentioned in 19 CSR 25–30.051. Thus, Director sufficiently established a foundation for the admission of Driver's breathalyzer test results, and consequently that Driver's blood alcohol concentration was .10% or greater.

Having established a prima facie case for suspension of Driver's driver's license, the burden shifts to Driver to present evidence to rebut the prima facie case by a preponderance of the evidence. Driver did not present any evidence at trial and therefore did not meet his burden. Thus, the trial court's decision to reinstate Driver's driving privileges is against the weight of the evidence.

We hold the trial court erred in reinstating the driving privileges of Driver and setting aside Director's order suspending Driver's driver's license because Director complied with the methods of testing for blood alcohol concentration as required by the Department of Health under 19 CSR 25–30.051 in effect on the date of trial. Accordingly, the judgment of the trial court is reversed and remanded with directions to reinstate the suspension of Driver's driving privileges.

MARY RHODES RUSSELL, C.J. and HOFF, J., concur.