**Julie T. WEILAND, Appellant,**

v.

**DIRECTOR OF REVENUE,
Respondent.**

**No. WD 57662.**

Missouri Court of Appeals,
Western District,
En Banc.

Nov. 14, 2000.

Rehearing Denied Dec. 26, 2000.

Jeffrey S. Eastman, Gladstone, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, C.J., LOWENSTEIN, BRECKENRIDGE, SMART, ELLIS, LAURA DENVIR STITH, EDWIN H. SMITH, HOWARD, NEWTON, HOLLIGER, JJ., and TURNAGE, S.J.

ELLIS, Judge.

On December 18, 1998, Appellant Julie T. Weiland was arrested and charged with driving while intoxicated in the state of Missouri. That same day, acting on behalf of Respondent, Director of Revenue, the arresting officer served Weiland with a Notice of Suspension of Driving Privileges for allegedly driving a motor vehicle while the level of alcohol concentration in her blood exceeded .10% or more by weight.

An administrative hearing on the suspension of Weiland's driver's license was held on January 18, 1999. On March 20, 1999, the Missouri Department of Revenue issued an order sustaining the suspension of Weiland's license.

On March 31, 1999, Weiland filed a Petition for Trial De Novo in the Circuit Court of Clay County. On August 30, 1999, the Circuit Court entered its amended judgment stating:

Now on this 30th day of Aug., 1999, the Court having considered the evidence, finds and concludes that based upon a preponderance of the evidence Petitioner is found to have been arrested upon probable cause to believe Petitioner was *in actual physical control of a motor vehicle* while the alcohol concentration in her blood was .10% or more by weight.

THEREFORE IT IS ORDERED, ADJUDGED AND DECREED that the suspension or revocation of Petitioner's driver's license in the State of Missouri is authorized and required by Sections 302.500 through 302.541, RSMo.1994 and RSMo. Supp.1996.

(emphasis added).

Thereafter, Weiland timely filed a notice of appeal with this court. Oral arguments were held on April 5, 2000, and this Court handed down a *Per Curiam* Order Opinion on May 2, 2000, affirming the suspension of Weiland's driving privileges. *Weiland v. Director of Revenue*, No. 57662, slip op. (Mo.App. W.D. May 2, 2000). On May 15, 2000, Weiland filed a "Motion For Rehearing Or, In The Alternative, For Transfer To The Supreme Court." We granted Weiland's motion for rehearing and denied her motion for transfer to the Supreme Court. Rehearing was conducted before the Court *en banc* on July 12, 2000.

In her sole point on appeal, Weiland contends that the trial court erred in sustaining the suspension of her operating privileges because the finding that she was arrested upon probable cause to believe that she was in "actual physical control" of a motor vehicle while intoxicated is insufficient as a matter of law to support a suspension. She asserts that the statutory definition of "driving" no longer includes "actual physical control" and that the trial court erred in applying that language.

In reviewing a driver's license suspension or revocation case, we will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Soval v. Director of Revenue*, 2 S.W.3d 854, 856 (Mo.App. W.D. 1999). If the trial court erroneously declared or applied the law, its judgment will be afforded no deference on appeal. *Knipp v. Director of Revenue*, 984 S.W.2d 147, 151 (Mo.App. W.D.1998).

Section 302.505 authorizes the suspension or revocation of a person's driving privileges for driving while intoxicated. That section states:

> The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe such person was driving a motor vehicle while the alcohol concentration in the person's blood, breath, or urine was ten-hundredths of one percent or more by weight....

§ 302.505.1, RSMo. Cum.Supp.1996; *Rinne v. Director of Revenue*, 13 S.W.3d 658, 659 (Mo.App. W.D.2000). Accordingly, when a suspension or revocation is challenged, the Director has the burden of proving by a preponderance of the evidence that: (1) the licensee was arrested upon probable cause to believe that she was driving in violation of an alcohol related offense and (2) that the licensee had been driving with a blood alcohol content of .10 percent or greater. *Rinne*, 13 S.W.3d at 659; *Haas v. Director of Revenue*, 975 S.W.2d 483, 484 (Mo.App. E.D.1998).[1]

Section 302.505.1 does not define the term "driving." However, the case law has applied the definition of "driving" set forth

---

1. While the parties allude to the fact that Weiland was originally charged with violating a Kansas City, Missouri ordinance, that fact would not change our analysis. The express language of § 302.505.1 requires a finding that the licensee was "arrested upon probable cause to believe such person was *driving* a motor vehicle while the alcohol concentration in the person's blood, breath or urine was ten-hundredths of one percent or more by weight." § 302.505.1 (emphasis added). Under that statutory language, a finding that the licensee was "driving" is necessary, no matter what statute or ordinance they were arrested

in § 577.001.1, the analogous criminal DWI statute, when considering license suspension or revocation cases under § 302.505.1. *Krienke v. Lohman,* 963 S.W.2d 11, 12 (Mo.App. W.D.1998); *Chinnery v. Director of Revenue,* 885 S.W.2d 50, 52 (Mo.App. W.D.1994).[2]

Prior to 1996, Section 577.001.1 provided that, "the term **'drive', 'driving', 'operates'** or **'operating'** means *physically driving or operating or being in actual physical control* of a motor vehicle." § 577.001.1, RSMo 1994 (underline emphasis added). In 1996, however, the legislature amended § 577.001.1 to read as follows: "As used in this chapter, the term **'drive', 'driving', 'operates'** or **'operating'** means *physically driving or operating* a motor vehicle." § 577.001.1, RSMo 1996 (underline emphasis added). Notably, in amending § 577.001.1, the legislature chose to delete the phrase "being in actual physical control of" a motor vehicle from the definitions of "driving" and "operating."

■ Accordingly, prior to 1996, being in "actual physical control" of a vehicle constituted "driving" or "operating" as defined by § 577.001.1. However, as a result of the 1996 changes to the definitions of "driving" and "operating," being in "actual physical control" [3] of a vehicle no longer constitutes "driving" or "operating." § 577.001.1, RSMo 1996.

■ Since § 302.505.1 requires a finding that the licensee was arrested upon probable cause to believe that she was "driving" a motor vehicle while the alcohol level in her blood, breath or urine was .10% or more by weight, and "actual physical control" no longer constitutes "driving" under the applicable statutory definition, the trial court's finding that Weiland was in "actual physical control" of a motor vehicle is insufficient to support the suspension of

under. As noted, *supra,* the definition of "driving" provided in § 577.001.1 has been found applicable to § 302.505.1. *Krienke v. Lohman,* 963 S.W.2d 11, 12 (Mo.App. W.D.1998).

Moreover, "under Missouri law, municipal ordinances must be harmonized with the statutes of the state, and if the ordinances cannot be harmonized, they are void." *State ex rel. Teefey v. Board of Zoning Adjustment of Kansas City,* 24 S.W.3d 681, 685 (Mo. banc 2000); *see also Carter v. City of Pagedale,* 982 S.W.2d 744, 746 (Mo.App. E.D.1998). An ordinance may supplement a state law, but when the expressed or implied provisions of each are inconsistent or in irreconcilable conflict, then the statute annuls the ordinance. *Teefey,* 24 S.W.3d at 685. "To determine if a conflict exists between an ordinance and a state statute, the test is whether the ordinance permits that which the statute prohibits or prohibits that which the statute permits." *Id.; see also Carter,* 982 S.W.2d at 746. Accordingly, to the extent an ordinance could be read to make it a crime to be in "actual physical control" of a vehicle while having a blood alcohol level of .10% or higher by weight, an act which the Missouri legislature has determined no longer constitutes an offense, that ordinance must be considered null and void.

2. While the Director argues that the definitions contained in § 577.001 do not apply to actions to suspend a license for driving with an excessive alcohol concentration under § 302.305, that argument is disingenuous at

best. The Director fails to cite *Krienke v. Lohman,* 963 S.W.2d 11 (Mo.App. W.D.1998), *Chinnery v. Director of Revenue,* 885 S.W.2d 50 (Mo.App. W.D.1994), *Gleason v. Director of Revenue,* 859 S.W.2d 189 (Mo.App. W.D.1993) and the many other cases that have applied the definition in § 577.001.1 to § 302.305 proceedings.

Although Rule 4–3.3(a)(3) does not require counsel to disclose directly adverse authority if that case law has been identified by the opposing party, better practice and candor to this court would generally call for acknowledgment of that authority at the very least. As noted in the Comment to Rule 4–3.3(a)(3), "[t]he underlying concept is that legal argument is a discussion seeking to determine the legal premises properly applicable to the case."

3. Missouri courts have defined "actual physical control" to mean a domination or regulation of a vehicle, and it exists as long as the person is keeping the vehicle restrained or is in the position to regulate its movements and the vehicle is running. *State v. Hoyt,* 922 S.W.2d 443, 447–48 (Mo.App. W.D.1996); *State v. Dey,* 798 S.W.2d 210, 212 (Mo.App. W.D.1990). " '[A]ctual physical control' of a vehicle simply means to be in a position to regulate the movements of a vehicle which has its engine running." *Dey,* 798 S.W.2d at 212.

Weiland's driver's license under § 302.505.1. Accordingly, the circuit court erroneously declared and applied the law in its judgment suspending Weiland's license, and the judgment must be reversed.

The Director contends that, even if the definition of "driving" found in § 577.001.1 does apply to § 302.305 proceedings, Weiland's conduct constituted "operating" a vehicle under that definition. While the record before this court is sufficient to determine that the circuit court erroneously stated and applied the law by relying on its finding of "actual physical control" in rendering its judgment, the record does not contain a transcript of the proceedings or any other documentation from the circuit court stating what evidence was before it.[4] We cannot determine from the record before us whether the circuit court could have found from the evidence before it that Weiland was arrested upon probable cause to believe she was "driving" or "operating" a motor vehicle while the alcohol concentration in her blood was .10% or more by weight. Moreover, even if the full record were before this court, we would not be able to determine what factual finding the trial court would have made if it had applied the proper standard.

Accordingly, we reverse the trial court's judgment and remand the case to the trial court for further proceedings consistent with this opinion. *See Lunsford v. Director of Revenue*, 969 S.W.2d 833, 835–36 (Mo. App. S.D.1998). On remand, the trial court shall determine whether the arresting officer had probable cause to believe Weiland was "driving" or "operating" her vehicle while intoxicated and make a factual finding as to her blood alcohol concentration at the time of the arrest. *Id.* at 836.

All concur.

---

4. Weiland was only required to present this Court with a sufficient record to determine the issues she was presenting on appeal. *Wilson v. River Market Venture, I, L.P.*, 996 S.W.2d 687, 700 n. 2 (Mo.App. W.D.1999).