**Michael HOYT, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**No. WD 57908.**

Missouri Court of Appeals, Western District.

Dec. 19, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 30, 2001.

Application for Transfer Denied March 20, 2001.

Bruce B. Brown, Kearney, Timothy D. Tipton, Excelsior Springs, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for Respondent.

Before SPINDEN, C.J., and HOWARD and HOLLIGER, JJ.

HOWARD, Judge.

Michael Hoyt appeals from the circuit court's judgment sustaining the Director of Revenue's revocation of his driver's license. Hoyt contends that the circuit court erred in entering judgment in favor of the Director because 1) the definition of "driving" in § 577.001.1 [1] requires more than "actual physical control" of a vehicle; and 2) based on the uncontroverted facts, the evidence merely established that Hoyt was in actual physical control of the vehicle, and did not establish that he was physically driving.

We affirm.

### Facts

On March 7, 1999, Derek M. Bruns, a police officer for the City of Cameron, Missouri, received a dispatch that an intoxicated man was sitting in his vehicle in front of My Store, a convenience store. Within three minutes of receiving the dispatch, Officer Bruns arrived at the store and observed the vehicle in the parking lot. Bruns testified that Michael Hoyt was sitting behind the steering wheel with the engine running and the transmission in park.

Hoyt told Bruns that he was waiting for a friend who was inside the convenience

1. All statutory references to § 577.001.1 are to RSMo Cum.Supp.1996, unless otherwise indicated.

store. Bruns observed that Hoyt's speech was slurred and his eyes were glassy. Bruns also smelled a strong odor of intoxicants coming from Hoyt. Bruns asked Hoyt if he had had anything to drink that evening, and Hoyt stated that he had one beer. Bruns testified that he "didn't recognize any one that belonged to Mr. Hoyt inside the store." Bruns observed Hoyt trying to conceal a quart bottle of beer during their conversation.

Hoyt turned off the car's engine and got out of the vehicle. Bruns administered four field sobriety tests, three of which Hoyt failed. Bruns arrested Hoyt for driving while intoxicated. Hoyt submitted to a chemical test of his breath, which indicated a result of .154 percent.

The Director of Revenue revoked Hoyt's driver's license. Hoyt filed a petition for trial de novo in the Circuit Court of Clinton County. Following a hearing on his petition, the circuit court held that "based upon a preponderance of the evidence Petitioner is found to have been arrested upon probable cause to believe Petitioner was driving a motor vehicle while the alcohol concentration in his/her blood was .10% or more by weight." The circuit court upheld the revocation of Hoyt's driver's license. This appeal follows.

## Standard of Review

"A trial court's judgment in a driver's license suspension or revocation case must be affirmed on review, unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Soval v. Director of Revenue*, 2 S.W.3d 854, 856 (Mo.App. W.D.1999). "We view the evidence in the light most favorable to the judgment." *Knipp v. Director of Revenue*, 984 S.W.2d 147, 150 (Mo.App. W.D.1998).

## Point I

Hoyt's first point on appeal is that the circuit court erred when it entered judgment in favor of the Director, expressly finding that based on a preponderance of the evidence, Hoyt was arrested upon probable cause to believe that he was driving a motor vehicle while his blood alcohol concentration was .10 percent or more by weight, and implicitly finding that the definition of "driving" included actual physical control as set forth in the municipal ordinance. Hoyt argues that the term "driving" is not specifically defined under §§ 302.500 to 302.545 RSMo. Rather, the definition is controlled by § 577.001.1, which defines "driving" as "physically driving or operating a motor vehicle" and excludes being in actual physical control of a vehicle.

Section 302.505.1 [2] provides as follows:

The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe such person was driving a motor vehicle while the alcohol concentration in the person's blood, breath, or urine was ten-hundredths of one percent or more by weight, based on the definition of alcohol concentration in section 302.500, or where such person was less than twenty-one years of age when stopped and was stopped upon probable cause to believe such person was driving while intoxicated in violation of section 577.010, RSMo, or driving with excessive blood alcohol content in violation of section 577.012, RSMo, or upon probable cause to believe such person violated a state, county or municipal traffic offense and such person was driving with a blood alcohol content of two-hundredths of one percent or more by weight.

"Section 302.505.1 does not define the term 'driving.' However, the case law has applied the definition of 'driving' set forth in § 577.001.1, the analogous criminal DWI statute, when considering license suspension or revocation cases under

2. All statutory references to § 302.505.1 are    to RSMo Cum.Supp.1996.

§ 302.505.1." *Weiland v. Director of Revenue*, 32 S.W.3d 628, 630 (Mo.App.W.D. 2000), citing *Krienke v. Lohman*, 963 S.W.2d 11, 12 (Mo.App. W.D.1998), and *Chinnery v. Director of Revenue*, 885 S.W.2d 50, 52 (Mo.App. W.D.1994).

■ Section 577.001.1 provides that "[a]s used in this chapter, the term 'drive', 'driving', 'operates' or 'operating' means physically driving or operating a motor vehicle." Prior to 1996, the definition of the terms in § 577.001.1 RSMo 1994 included "being in actual physical control of a motor vehicle." However, in 1996, "being in actual physical control of a motor vehicle" was deleted from the statute. "[A]s a result of the 1996 changes to the definitions of 'driving' and 'operating,' being in 'actual physical control' of a vehicle no longer constitutes 'driving' or 'operating.'" *Weiland*, at 630 (footnote omitted); *see also State v. Cross*, 34 S.W.3d 175, 181 n. 14 (Mo.App.W.D.2000).

■ Hoyt argues that he was arrested pursuant to the Cameron DWI ordinance, and that arguably that ordinance allows a person to be convicted of driving while intoxicated if he "is in actual physical control of a vehicle" while intoxicated. However, as we recently held in *Weiland*, at 630 n. 1, "to the extent an ordinance could be read to make it a crime to be in 'actual physical control' of a vehicle while having a blood alcohol level of .10% or higher by weight, an act which the Missouri legislature has determined no longer constitutes an offense, that ordinance must be considered null and void." Also, as noted in *Weiland*, at 630 n. 1, Hoyt's argument concerning the Cameron ordinance does not affect our analysis because under the express language of § 302.505.1, a finding that the licensee was "driving" is necessary regardless of the statute or ordinance under which the licensee was arrested.

Point I is granted to the extent that it contends that merely being in actual physical control of a vehicle no longer constitutes "driving" under § 302.505.1. The point is denied to the extent that it contends that the circuit court erred in entering judgment in favor of the Director.

### Point II

■ Hoyt's second point on appeal is that the circuit court erred in entering judgment in favor of the Director because based on the uncontroverted facts, the evidence merely established that Hoyt was in actual physical control of the vehicle, and did not establish that he was physically driving.

In *Baptist v. Lohman*, 971 S.W.2d 366, 367 (Mo.App. E.D.1998), a licensee appealed the suspension of his driver's license for failing to submit to a breath alcohol test. He contended there was insufficient evidence to suspend his license under the statute defining "driving while intoxicated" because no one actually saw him driving his truck. *Baptist*, 971 S.W.2d at 367. Even though the store clerk did not actually see Baptist driving the truck, she also did not see anyone get into or out of the truck. *Id.* at 368. The officer saw that Baptist was seated behind the driver's wheel with the engine running, and the truck was in neutral. *Id.* The court found that "[a]n officer may have reasonable grounds to arrest for driving intoxicated, even when his evidence of 'actually driving' is based on circumstantial evidence." *Id.* Further, it found that "[b]ased on information from the store clerk, who witnessed only Baptist in the truck, the officer's observation of the condition of the truck, Baptist's position seated behind the wheel and the results of the field sobriety tests, the officer had reasonable grounds to make an arrest." *Id.* The court concluded that "[w]hile a motorist may no longer be found to be driving while intoxicated merely because he is in 'control' of a running automobile, Section 577.001 as amended still permits 'operating a motor vehicle' to be established by circumstantial evidence." *Id.* The suspension of Baptist's license was affirmed. *Id.*

In *State v. Cross,* 34 S.W.3d 175, an officer was dispatched to investigate a report of a person slumped over in the seat of a parked car. The officer found the car parked with its engine running and its headlights on. *Id.* The driver's door was open and Cross's legs were hanging out and touching the ground. *Id.* Cross was asleep or unconscious, lying across the front seats, and no one else was in the vehicle. *Id.* An officer awakened Cross, and Cross then turned off the car's headlights and engine and removed the keys from the ignition. *Id.* When an officer asked Cross how much he had to drink, Cross responded, "Not enough." *Id.* An officer testified that Cross appeared intoxicated, but he did not conduct field sobriety tests. *Id.* Cross was convicted of driving while intoxicated, and he appealed. On appeal, and after a rehearing en banc, a bare majority of this court found that the legislature's deletion of "actual physical control" from § 577.001.1 made no difference in that case because the evidence established that Cross was "operating the motor vehicle." [3] Specifically, the majority found that Cross's acts of being in a car with the engine running and then turning off the car's engine and headlights constituted operation of the car, but even if that were not the case, the State presented ample circumstantial evidence to establish that Cross started the car's engine and put it into operation. *Id.* The *Cross* majority stated that the fact that Cross was not causing the car to move and the fact that his legs were hanging out the door were "of no consequence," and that "[h]e was still operating the car-that is, causing it to function." *Id.*

Similarly, in the present case, we find that Hoyt's acts of being in a car with the engine running and then turning off the car's engine constituted operation of the car within the meaning of § 577.001.1, based on the majority decision in *Cross.*[4] Also in accordance with *Cross,* we find that the State presented ample circumstantial evidence to establish that Hoyt started the car's engine and put it into operation. Therefore, the circuit court did not err in upholding the revocation of Hoyt's driver's license for driving while intoxicated under § 302.505.1.

Point II is denied.

The judgment of the circuit court is affirmed.[5]

SPINDEN, C.J., and HOLLIGER, J., concur.

---

**3.** For a thorough discussion of the effect of the 1996 amendment to § 577.001.1 and the definitions of "driving," "operating," and "actual physical control," see *Cross,* 34 S.W.3d 175.

**4.** While *Cross* involved a conviction for driving while intoxicated under § 577.010.1 RSMo, the statutes concerning driving while intoxicated (§ 302.505.1) and license revocation for driving while intoxicated (§ 577.010.1) both rely on § 577.001.1 for their definitions of "drive" and "operate."

**5.** Hoyt has filed with this court a motion for attorney's fees and costs. Hoyt's motion is denied.