**John Louis DALE, Respondent,**

**v.**

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. ED 77701.**

Missouri Court of Appeals, Eastern District, Division Two.

March 20, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, MO, for appellant.

Frederick H. Schwetye, Union, MO, for respondent.

AHRENS, Presiding Judge.

The Director of Revenue ("Director") appeals the circuit court's judgment reinstating the driving privileges of John Louis Dale ("driver"). The Director suspended them pursuant to section 302.505 RSMo (Supp.1997)[1] after driver was arrested for driving while intoxicated. We reverse and remand.

On July 11, 1998, Officer McDowell ("officer") of the New Haven Police Department observed driver's car weaving into the oncoming lane of traffic and driving on the shoulder of the road. After officer activated his siren, driver continued driving for approximately a mile before finally stopping outside of the city limits. When officer pulled driver over and asked for identification, he noticed a strong odor of intoxicants. Officer noticed driver's speech was slurred and subsequently driver admitted he had been drinking. Officer then called for assistance, which was obtained from the Missouri Highway Patrol.

A Missouri State Highway Patrol Officer ("patrolman") gave driver a field sobriety test, which he failed. Patrolman arrested driver for operating a motor vehicle in an intoxicated condition and transported him to the New Haven Police Department. At the police department, driver was given a breath test. Officer McDowell administered the test in which a blood alcohol concentration ("BAC") of .202 percent was recorded.

At trial, officer testified that he had difficulty administering the test. The first three attempts at obtaining a reading failed because driver did not blow into the mouthpiece as requested. Officer observed that the mouthpiece did not fog up, indicating no breath was being blown into the machine. Patrolman testified that driver was blowing air over the mouthpiece onto his hand. On the fourth attempt, a reading of .202 percent was obtained by use of the manual override button, which read the sample the machine had. The officer testified that the machine was working properly.

At the close of evidence, the trial court indicated that there was probable cause to arrest driver and that the court believed driver was intoxicated, but that there was a problem with the administration of the breath test. The trial court further stated that a blood test would have been the best way to test in this situation where the driver was not cooperating to the extent needed and where there was an indication driver had a pulmonary problem. The trial court reversed the decision of the Director prior to driver introducing evidence, indicating a concern that multiple breaths into the machine could produce inaccurate results. In its judgment, the trial court stated that driving privileges should be reinstated because Director failed to adduce sufficient evidence to meet his burden of proof.

We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

In the sole point on appeal, Director claims that the trial court erred in reinstating driving privileges because a prima facie case was established under section 302.505. At trial, Director has the burden of proof to establish a prima facie case for suspension of a driver's license. *Wilcutt v. Director of Revenue*, 18 S.W.3d 548, 550 (Mo.App.2000). To meet the burden, Director must establish whether the arresting officer had probable cause for the arrest and whether the person's blood

---

1. All statutory references are to RSMo (Supp. 1997).

alcohol content was at least .10 percent by weight. *Id.*

When a breathalyzer test is used to establish a driver's blood alcohol content, foundational prerequisites to admission must also be met. *Krieger v. Director of Revenue*, 14 S.W.3d 697, 701 (Mo.App. 2000). Director must establish: 1) the test was performed by following the approved techniques and methods of the Division of Health, 2) the operator held a valid permit, and 3) the equipment and devices were approved by the Division. *Hurley v. Director of Revenue*, 982 S.W.2d 694, 696 (Mo.App.1998). "The foundational prerequisites are unnecessary where the test result is admitted in evidence without objection." *Reinert v. Director of Revenue*, 894 S.W.2d 162, 164 (Mo. banc 1995). Here, the test results were received into evidence without objection. Although proof of the foundational prerequisites was not required, officer did testify that the test was performed following approved techniques and methods of the Division of Health, that he held a valid permit and that the equipment and devices were approved by the Division of Health specifications.

"Once Director has established a prima facie case, the burden shifts to the driver to present evidence to rebut the Director's prima facie case...." *Hurley*, 982 S.W.2d at 696. Driver has a high burden "to rebut the Director's prima facie case, and it must be done with evidence, not by merely pointing out inconsistencies." *Wilcutt*, 18 S.W.3d at 550.

Here, Director established a prima facie case by establishing probable cause to arrest driver, and presenting evidence that showed driver's BAC exceeded .10 percent. The breathalyzer test result of a BAC of .202 percent was admitted without objection. On cross-examination of officer and patrolman, driver attempted to show that he did blow into the machine multiple times. Driver, however, did not have an opportunity to offer evidence prior to the court's decision reversing the Director's suspension of driving privileges. On remand, driver should be allowed to present evidence to rebut the Director's prima facie case. *See Hackmann v. Director of Revenue*, 991 S.W.2d 751, 753 (Mo.App.1999).

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

CRANDALL and JAMES R. DOWD, JJ., concur.