**Aaron W. MILLIGAN, Respondent,**

v.

**Quentin WILSON, Director of Revenue, Appellant.**

**No. WD 59778.**

Missouri Court of Appeals, Western District.

May 28, 2002.

James A. Chenault, III, Sp. Asst. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Donald W. Petty, Liberty, for respondent.

Before ULRICH, P.J., BRECKENRIDGE and HARDWICK, JJ.

PATRICIA BRECKENRIDGE, Judge.

The Director of Revenue appeals the judgment of the trial court reinstating Aaron Milligan's driving privilege. The Director revoked Mr. Milligan's driving privilege for one year, pursuant to §§ 302.505 and 302.525, RSMo 2000,[1] upon his finding that Mr. Milligan was arrested upon probable cause to believe he was operating a motor vehicle in violation of an alcohol-related offense, and his blood alcohol content was 0.10 percent or greater, and Mr. Milligan had an alcohol-related enforcement contact within five years. At the subsequent trial de novo requested by Mr. Milligan, he objected to the admission of the BAC Verifier results because there was a discrepancy between the lot number for the simulator solution that was listed on the maintenance report and the lot number listed on the certificate of analysis. The court sustained Mr. Milligan's objection and found that it was fatal to the State's position that the two lot numbers did not coincide, so the court reinstated Mr. Milligan's driving privilege.

On appeal, the Director argues that the test result was properly in evidence because Mr. Milligan did not make a valid objection to the admission of the arrest report. Therefore, the Director contends that Mr. Milligan did not preserve his objection to the BAC Verifier result. The Director also contends that it was not required to present evidence of the certification of analysis of the simulator solution. The Director alleges that it merely had to prove that the simulator solution came from an approved supplier.

---

1. All statutory references are to Revised Statutes of Missouri 2000.

This court finds that the trial court erroneously declared and applied the law when it ruled that the discrepancy in lot numbers for the simulator solution was fatal to the State's position. Because there was evidence that the simulator solution came from an approved supplier, this court holds that the Director made a prima facie case that Mr. Milligan was arrested upon probable cause to believe that he was driving a motor vehicle in violation of an alcohol-related offense, and that his blood alcohol content was 0.10 percent or greater. Since the BAC Verifier result was not in evidence at trial, it was unnecessary for Mr. Milligan to present any further evidence to rebut the Director's prima facie case. Accordingly, the judgment of the trial court is reversed, and the cause is remanded for Mr. Milligan to attempt to rebut the Director's prima facie case.

## Factual and Procedural Background

This court reviews the evidence in the light most favorable to the trial court's judgment. *Storck v. Dir. of Revenue*, 59 S.W.3d 545, 548 (Mo.App.2001). On April 12, 1999, Mr. Milligan was arrested for driving while intoxicated in violation of § 577.010, after a Missouri Highway Patrol Trooper, S.L. Burns, came in contact with him. Trooper Burns was investigating an accident, and Mr. Milligan's car matched the description of the car involved in the accident. When Trooper Burns came in contact with Mr. Milligan, Mr. Milligan was sitting in the driver's seat of a running car with his foot on the brake pedal in a friend's driveway. Mr. Milligan told Trooper Burns that he had just brought his friend home, and he was leaving. Trooper Burns' report indicates that Mr. Milligan had a strong odor of alcohol, his eyes were bloodshot, his speech was slurred, and he fumbled with his wallet. Mr. Milligan stated that he drank a beer and a half, and that he spilled the other half of the beer while driving. Mr. Milligan's friend told Trooper Burns that he and Mr. Milligan were out in Mr. Milligan's car, and he was not driving. Trooper Burns administered the horizontal gaze nystagmus field sobriety test and determined that Mr. Milligan was intoxicated. Trooper Burns arrested Mr. Milligan, and took him to the Ray County Sheriff's office where Trooper Burns conducted additional field sobriety tests. He then took Mr. Milligan to the Richmond Police Department to administer a BAC test. Using a BAC Verifier, Officer Kevin Bennett, of the Richmond Police Department, administered a BAC test, and the result was 0.153 percent.

After Mr. Milligan's arrest, he was given notice that his driving privilege would be revoked for one year. Mr. Milligan requested an administrative hearing and, after the hearing, the Director revoked Mr. Milligan's driving privilege for one year. Mr. Milligan filed a petition for a trial de novo, which was held on January 22, 2001. At trial, the Director offered Trooper Burns' report pertaining to Mr. Milligan's arrest. Mr. Milligan objected, stating:

> [W]e make a formal objection to the introduction of this exhibit. It contains hearsay, and there's not been a proper foundation laid for its admission at this particular point. We want the opportunity to cross-examine on all aspects that deal in this particular case, and would just make a formal objection at this point that these matters are hearsay and—and clearly there's been no foundation laid for the admission of this Exhibit No. 1.

Over Mr. Milligan's objection, the court admitted Trooper Burns' report.

Officer Bennett testified that he first came in contact with Mr. Milligan when Trooper Burns brought him to the Rich-

mond Police Department for a BAC test. When Officer Bennett began to testify about the BAC Verifier results, Mr. Milligan objected. Mr. Milligan's counsel questioned Officer Bennett, and Officer Bennett testified to a discrepancy between the lot number listed on the certificate of analysis for the simulator solution used when performing the maintenance check for the BAC Verifier and the lot number for the simulator solution listed on the maintenance report. Claiming that the Director did not lay a proper foundation for the results of the BAC test, Mr. Milligan objected to the admission of the BAC Verifier results. The Director countered that the test result was already in evidence as part of Trooper Burns' alcohol influence report. The court sustained Mr. Milligan's objection stating that, because of the discrepancy, it did not know if the solution that was used in the BAC Verifier was tested.

In an attempt to establish a foundation for the admission of the BAC Verifier result, the Director called Officer Steven Rogers of the Richmond Police Department. He testified that he completed the maintenance report with respect to the BAC Verifier. In addition, he testified that he used an approved solution from Guth Laboratories. He also testified that he wrote that the lot number for the simulator solution was "28960" on the maintenance report, and that the certificate of analysis states the lot number was "98260." Officer Rogers testified that he believed the discrepancy was a "clerical error." Mr. Milligan objected before Officer Rogers stated the result of the BAC Verifier. The court sustained the objection, ruling that "it's fatal to the State's position that the two lot numbers do not coincide." In an offer of proof, Officer Bennett testified that the result of the BAC test he administered to Mr. Milligan was 0.153 percent.

The court entered a judgment finding that there was insufficient evidence to find that Mr. Milligan was arrested upon probable cause to believe that he was driving a motor vehicle with a blood alcohol concentration of 0.10 percent or more and ordered the Director to reinstate Mr. Milligan's driving privilege. The Director appeals from that judgment.

## Standard of Review

This court will affirm the trial court's judgment in a driver's license suspension case unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Weiland v. Dir. of Revenue*, 32 S.W.3d 628, 630 (Mo. App.2000) (en banc) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). If this court finds that the trial court has "erroneously declared or applied the law, its judgment will be afforded no deference on appeal." *Id.* This court will accept as true "the evidence supporting the circuit court's judgment, as well as all reasonable inferences drawn from such evidence," and will disregard all contrary evidence and inferences. *Kimber v. Dir. of Revenue*, 817 S.W.2d 627, 630 (Mo.App. 1991).

"At a trial de novo, the Director has the burden of proving by a preponderance of the evidence a prima facie case for suspension of a driver's license." *Dillon v. Dir. of Revenue*, 999 S.W.2d 319, 322 (Mo. App.1999). To make a prima facie case for suspension under § 302.505, the Director must show that: "(1) the licensee was arrested upon probable cause to believe that [the licensee] was driving in violation of an alcohol related offense and (2) that the licensee had been driving with a blood alcohol content of .10 percent or greater." *Weiland*, 32 S.W.3d at 630. After the

" 'Director makes a prima facie case, the burden then shifts to the driver to present evidence to rebut the prima facie case by a preponderance of the evidence.' " *Dillon,* 999 S.W.2d at 321 (quoting *Bramer v. Dir. of Revenue,* 982 S.W.2d 793, 794 (Mo.App. 1998)).

### Director Made a Prima Facie Case

In his point on appeal, the Director claims that the trial court erred in setting aside the revocation of Mr. Milligan's driving privilege because the Director established a prima facie case under § 302.505, which Mr. Milligan did not rebut. The Director also contends that Mr. Milligan did not make a timely objection to the admission of Trooper Burns' report, and, therefore, he waived any objection to the BAC Verifier result. Because the director established a prima facie case under § 302.505, this court will not address whether Mr. Milligan made a proper and timely objection to the admission of Trooper Burns' report.

■ In this case, the evidence established the first prong of the Director's prima facie case for revocation of Mr. Milligan's driver's license, namely, that Trooper Burns arrested Mr. Milligan upon probable cause to believe that he was driving a motor vehicle in violation of an alcohol-related offense. The standard for probable cause is an objective one, as probable cause "exists when the facts and circumstances would warrant a person of reasonable caution to believe that an offense has been or is being committed." *Testerman v. Dir. of Revenue,* 31 S.W.3d 473, 476 (Mo.App.2000) (citations omitted). "Thus, whether probable cause existed to arrest the [licensee] is determined in relation to the circumstances as they would have appeared to a prudent, cautious, and trained police officer." *Id.* (citations omitted). Here, the evidence was that Mr. Milligan was sitting in the driver's seat of a vehicle with his foot on the brake pedal and the engine running. Mr. Milligan admitted, as confirmed by the statement of his friend, that he had just driven them to the friend's home. Mr. Milligan's eyes were bloodshot, there was a strong odor of intoxicants about his person, his speech was slurred, and he displayed all six points on the horizontal gaze nystagmus test.[2] Therefore, there was substantial evidence to support a finding that Mr. Milligan was arrested upon probable cause to believe that Mr. Milligan was driving in violation of an alcohol-related offense.

■ The Director also contends that he established that Mr. Milligan had a blood alcohol content of 0.10 percent or greater. In this case, the Director attempted to prove that Mr. Milligan's blood alcohol content was 0.10 percent or greater from a test using a BAC Verifier. In establishing the procedure for using a BAC Verifier, the Department of Health has issued regulations to define the standard simulator solution to be used in verifying and calibrating breath analyzers. *See* 19 CSR 25–30.051. The controlling version of 19 CSR 25–30.051 is the version that is in effect on the date of the trial de novo. *Wilcutt v. Dir. of Revenue,* 18 S.W.3d 548, 551 (Mo.App.2000). The version of 19 CSR 25–30.051 that was in effect at the time of Mr. Milligan's trial de novo states, "Standard simulator solutions, used to verify and calibrate evidential breath analyzers at the

---

**2.** In administering the horizontal gaze nystagmus test, "One point is scored for eye movement indicative of alcohol influence for each of the three tests for each eye. The highest possible score is six points, with a score of four or more points constituting substantial evidence that a suspect is intoxicated." *State v. Hill,* 865 S.W.2d 702, 704 (Mo.App.1993), *overruled on other grounds by State v. Carson,* 941 S.W.2d 518 (Mo. banc 1997).

0.10% or 0.100% level, shall be solutions from approved suppliers." 19 CSR 25–30.051(1). Subsection three of that regulation states that Guth Laboratories is an approved supplier. 19 CSR 25–30.051(3)(B).

 The trial court did not enter written findings of fact and conclusions of law. It stated orally on the record its grounds for reversal, in that the trial court found that the discrepancy in lot numbers was fatal to the Director's case.[3] "[A] trial judge's oral comments, although not part of the court's judgment, may be considered as an explanation of the judgment." *St. Pierre v. Dir. of Revenue*, 39 S.W.3d 576, 578 n. 5 (Mo.App.2001). Under the controlling version of 19 CSR 25–30.051, however, the Director was not required to present evidence of the certificate of analysis for the specific lot or batch number of the simulator solution. *See Wilcutt*, 18 S.W.3d at 551. The Director was merely required to show that the simulator solution was from an approved supplier. *Id.* The Director presented evidence that Guth Laboratories supplied the simulator solution. Guth Laboratories is an approved supplier of standard simulator solutions. 19 CSR 25–30.051(3)(B). Therefore, the Director laid the proper foundation for the admission of the BAC Verifier results, and the trial court erroneously applied 19 CSR 25–30.051 in ruling that the results of the BAC Verifier were inadmissible. Consequentially, the Director made a prima facie case.

 Because the Director made a prima facie case that (1) Mr. Milligan was arrested on probable cause to believe that he was driving in violation of an alcohol-related offense, and (2) Mr. Milligan's blood alcohol content was 0.10 percent or greater, the burden then shifted to Mr. Milligan to rebut the Director's prima facie case. *See Wilcutt*, 18 S.W.3d at 551. Mr. Milligan did not present any evidence, other than the discrepancy between the two lot numbers, to rebut the Director's prima facie case. Because the court ruled that the results of the BAC Verifier were not admissible, however, it was unnecessary for Mr. Milligan to present evidence.

While the judgment is not entirely clear, the court effectively granted Mr. Milligan a directed verdict at the close of the Director's case. Therefore, Mr. Milligan did not have an opportunity to present evidence to rebut the Director's prima facie case. Since the court erroneously excluded the BAC Verifier results making it unnecessary for Mr. Milligan to present evidence to rebut the Director's case, this court remands to provide Mr. Milligan the opportunity to present a defense. *See Dale v. Dir. of Revenue*, 40 S.W.3d 396, 399 (Mo.App.2001); *Schulte v. Dir. of Revenue*, 995 S.W.2d 509, 512 (Mo.App.1999); *Sullivan v. Dir. of Revenue*, 980 S.W.2d 339, 342 (Mo.App.1998). If Mr. Milligan presents a defense, the Director may present evidence to rebut Mr. Milligan's defense. *See Aliff v. Cody*, 26 S.W.3d 309, 315–16 (Mo.App.2000). The judgment of the trial court is reversed, and the cause is remanded.

All concur.

---

**3.** The trial court may have been relying on a prior version of the regulation which stated, "The certificate shall include the name of the supplier, the lot or batch number of the solution. . . ." That regulation also required a copy of the certificate to be attached to the maintenance report. *See Vilcek v. Dir. of Revenue*, 974 S.W.2d 602, 604 (Mo.App.1998).