**Guy ANDERSON, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. ED 79830.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 11, 2002.

■■■■■■■■■■■■■■■■■■■■■■

Stephen C. Moore, Clayton, MO, for Respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, MO, for Appellant.

GEORGE W. DRAPER III, Judge.

Director of Revenue (hereinafter, "the Director") appeals the judgment entered by the trial court reinstating Guy R. Anderson's (hereinafter, "Anderson") driving privileges. We reverse the judgment of the trial court.

On November 1, 2000, at approximately 12:13 a.m., Officer Philip Busby (hereinafter, "Officer Busby") of the Florissant Police Department responded to a disturbance which involved underage drinking. While at the scene of the disturbance, Officer Busby noticed a vehicle approaching at a high rate of speed. The vehicle swerved in order to avoid hitting Officer Busby's parked vehicle. The driver of that vehicle stopped, approached Officer Busby, and was identified as Anderson. Officer Busby questioned Anderson about his erratic driving. Further, Officer Busby detected a strong odor of alcohol on Anderson's breath, slurred speech, and bloodshot eyes. Anderson failed the three field sobriety tests administered by Officer Busby. Anderson admitted he had been drinking beer. Anderson was arrested and transported to the Florissant Police Station. At the Florissant Police Station, Officer Busby administered a breath test which produced a result of a blood alcohol concentration of .091 percent. Officer Busby issued Anderson a ticket for driving while intoxicated and a notice of the suspension of his driving privileges.

A hearing was held by Commissioner Fox who took the matter under submission on May 14, 2001. In her judgment, she found that Officer Busby had probable cause to stop Anderson, there was probable cause to arrest him for driving while intoxicated, Anderson was under the age of twenty-one, and that Anderson had a blood alcohol concentration of .02 percent or more by weight. Anderson moved for a trial *de novo*.

The trial court issued its order and judgment on June 26, 2001, setting aside Anderson's suspension because the notice did not provide reasonable information explaining the basis for the loss of driving privileges. The Director appeals.

The Director claims that the trial court erred in setting aside the suspension of Anderson's driving privileges because the notice of suspension was proper in that the notice is governed by Section 302.520 RSMo (2000)[1], not Section 302.515, and that the notice fairly apprised Anderson of the grounds upon which action was to be taken. We agree.

■■■■ We must affirm the decision of the trial court unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). If the trial court erroneously declared or applied the law, its judgment will be afforded no deference on appeal. *Weiland v. Director of Revenue*, 32 S.W.3d 628, 630 (Mo.App. W.D.2000).

■■■■ The only issue is whether Anderson was served with the proper form of notice. The Suspension and Revocation Administrative Procedure Act, Sections 302.500–

---

1. Unless otherwise noted, all further statutory references are RSMo (2000).

302.541, provides alternative methods of serving notice of a license suspension or revocation. When the chemical results of an individual's blood alcohol content are available while that individual is still in custody, the individual shall be personally served notice of suspension or revocation. Section 302.520. If the chemical results of an individual's blood alcohol content become available when the individual is no longer in custody, notice of suspension or revocation is not personally served and shall be mailed to that individual. Section 302.515.

In this case, Anderson was in custody at the time the chemical results were available. Officer Busby personally gave Anderson the notice of suspension while Anderson was still in custody. Hence, Anderson received proper notice under the requirements of Section 302.520. Since Anderson received proper notice while he was in custody, it was error for the trial court to maintain that notice had to be given pursuant to Section 302.515.

Anderson's driving privileges are suspended; the motion taken with the case to reinstate his privileges is denied. The judgment of the trial court is reversed.

MARY R. RUSSELL, J., and MARY K. HOFF, J., concur.